LAKE SUPERIOR LAND COMPANY *vs.* THOMAS P. EMERSON and others.

May 14, 1888.

**Riparian Rights—Navigable Waters—Deed of Soil below Low-Water Mark.**—As the title to the soil under the water below the low-water mark in our navigable lakes is in the state, the deed of the owner of the abutting shore, purporting only to convey the soil under the water below the low-water mark, is inoperative.

**Same—Severance from Abutting Shore.**—Riparian rights belong and are incident to the abutting shore, and cannot be severed and transferred apart from the shore, so as to be rights in gross.

**Same—Action to Remove Cloud.**—A grantee of the abutting shore may maintain an action against the grantee (from the same grantor) in a prior deed, purporting to convey the soil under the water, to remove the cloud upon his riparian rights created by such deed.

Plaintiff brought this action in the district court for St. Louis county, to remove, from its title to the blocks of land described in the complaint and opinion, the cloud created by the execution and record of the deed of block 122, mentioned in the opinion. The action was tried by *Stearns*, J., who ordered judgment for plaintiff, which was entered, and the defendants appealed.

*Phelps & Smith*, for appellants.

*White, Shannon & Reynolds*, for respondent.

GILFILLAN, C. J.[1]  In 1858, the owner of what is known as "Rice's Point," a point of land extending into that part of Lake Superior now called the "Bay of Duluth," platted the same as a town, and recorded the plat.  On the plat there were delineated certain blocks, numbered 64, 75, 84, and 95.  The streets separating these blocks have since been duly vacated, so that they now lie in one solid parcel of land, which is bounded on the east by the waters of the bay.  At the time of the platting, said parcel as platted extended to and beyond the low-water mark, and the bay front of the parcel was then, ever since has been, and now is under water.  There were also delineated, on said plat, blocks in front of said parcel, which were, as shown on the plat, in the water beyond the low-water mark, and where the person then platting had no title to the land.  Among the blocks so delineated in the water, and below the low-water mark, was one numbered 122.  The said owner thereupon conveyed blocks 64, 75, 84, and 95, and plaintiff now has the title so conveyed.  On the same day, said owner executed to one Wilson a deed purporting to convey to him block 122, and Wilson subsequently executed to defendants a deed purporting to convey said block to him.  Plaintiff is in the actual possession of the blocks so conveyed to it.

The chief question in the case is, what did the plaintiff's and the defendants' grantors respectively get by the deeds from the said owner?  That owner owned the land only to low-water mark.  The title to the soil beyond that, and under the water, was in the state. The only rights he could have beyond the low-water mark were certain riparian rights incident to land bordering upon a navigable stream or lake.  Among these were the right to enjoy free communication between his abutting premises and the navigable waters of the lake, to build and maintain suitable landings, piers, and wharves on and in front of his land, and to extend the same therefrom into the lake to the point of navigability, even beyond low-water mark; and to this extent exclusively to occupy for such and like purposes the bed of the lake, subordinate to the public paramount right of navigation. *Brisbine* v. *St. Paul & Sioux City R. Co.*, 23 Minn. 114; *Union De-*

---

[1] Mitchell, J., was absent, and took no part in the decision.

*pot, etc., Co.* v. *Brunswick,* 31 Minn. 297, (17 N. W. Rep. 626.) These rights all pertain to the use of abutting land in connection with the water, or of the water in connection with the land. The right to use beyond the low-water mark rests upon the title to the bank, and not to the bed of the water. *Diedrick* v. *Northwestern Union Ry. Co.,* 42 Wis. 248. It is a right peculiar to the owner of the land bordering on the lake or stream, and not possessed by others. *Morrill* v. *St. Anthony Falls Water-Power Co.,* 26 Minn. 222, (2 N. W. Rep. 842,) and cases cited. The owner of the abutting land has the right to enjoy, for the purposes of gain or pleasure, all the facilities which the location of his land with reference to the lake affords. *Delaplaine* v. *Chicago & N. W. Ry. Co.,* 42 Wis. 214. It exists *jure naturæ,* because the land has, by nature, the advantage of being washed by the stream. *Lyon* v. *Fishmongers' Co.,* 1 App. Cas. 662. The right is incident to the land,—belongs to it by nature. We have not found any case holding that it may be severed from the right to the abutting land, so as to become a right in gross; one person owning exclusively the shore, and another the riparian right incident to it, though owning no shore. As the owner of the shore has no title to the soil under the water, he can convey nothing in the soil; and, as he cannot convey the riparian right severed from the shore, his deed of conveyance of the soil under the water must be inoperative. Undoubtedly, he may release his riparian right to the owner of the soil under the water, —the state, or its grantee or licensee. Perhaps he may transfer the right to the owner of shore land, in connection with which it can be used and enjoyed, though not directly abutting; but that is not this case. Riparian rights incident or appurtenant to no land cannot exist. No interest passed by the deed under which defendants claim. The grantee in that deed, and his grantees, must be presumed to have known the situation and character of what the deed purports to convey, so that no estoppel could arise by reason of it.

An action to remove the cloud on plaintiff's title created by the deed can be maintained. The deed is valid on its face. The manner in which block 122 is delineated on the plat is probably notice to parties assuming to purchase that block that it lay below the low-water mark, (if such were the fact.) But it was not conclusive of

that fact. Notwithstanding what appeared by the plat to be the situation of the block with respect to the water, it might still be shown (if such were the fact) that the block did not lie under water.

The act making Rice's point, as platted, a part of the city of Duluth, cannot be construed as a transfer or surrender by the state of its title to the soil below low-water mark.

Judgment affirmed.