WILLIAM WINDOM vs. W. D. WOLVERTON.

May 8, 1889.

**Adverse Claims to Real Property—Judgment Warranted by Findings.**
—In an action to determine adverse claims, the plaintiff by his complaint demanded, as the owner in fee-simple, all of the relief permitted by the statute, (Gen. St. 1878, c. 75, § 2.) The answer disclosed the entire right, title, and interest defendant had or pretended to have, and the court made findings of fact which would have justified an order for judgment for the full relief asked. The order—the conclusion of law—was that plaintiff "is entitled to judgment quieting title to all of said land in himself, and adjudging that the said defendant has no estate therein," upon which judgment was entered, decreeing, among other things, that defendant had no lien upon the lands in dispute. *Held,* that said judgment was warranted by the conclusion of law, and that an order modifying it was erroneous.

Appeal by plaintiff from an order of the district court for Wilkin county, *C. L. Brown,* J., presiding, modifying a judgment.

*A. C. Brown,* for appellant.

*Lyman B. Everdell,* for respondent.

COLLINS, J. The plaintiff, as the owner in fee-simple of certain tracts of vacant and unoccupied land, brought this action, as authorized by Gen. St. 1878, c. 75, § 2, to determine an adverse claim made thereto by the defendant, who, by his answer, alleged title to the land in himself by and through certain tax proceedings and sales in the year 1875. He asserted no lien upon or other interest in the said lands. The court thereafter duly made and filed findings of fact, with a conclusion of law, upon which judgment was entered decreeing plaintiff to be the owner in fee-simple of said lands, and that the defendant had no estate, right, title, claim, interest, lien, incumbrance, or demand in or to any part thereof. Subsequently the court modified this judgment by striking out and eliminating therefrom the portion which adjudged and decreed that the defendant should have no lien upon the premises, and from such order plaintiff appeals.

The respondent's position is that the judgment decree was too

broad and comprehensive, and was not warranted by the conclusion of law upon which it was based, that "plaintiff is entitled to judgment quieting title to all of said lands in himself, and adjudging that the said defendant has no estate therein." His contention is that the judgment, as entered, exceeded the order therefor; and further, that by the terms of section 97, c. 11, Gen. St. 1878, the defendant, as purchaser and assignee under a tax-sale declared void by the judgment of court, has a lien upon the premises in dispute for the amount paid by him, with interest. This claim is inconsistent with the admission in his brief that plaintiff could have had in a proper proceeding—upon motion, we take it—the order for judgment so amended as to have justified the judgment actually entered, and is not tenable in view of the findings of fact, in which the court omitted to find that there had ever been a tax judgment upon or a sale of those lands for taxes, void or otherwise, or that the defendant ever paid any taxes for which a lien thereon might accrue, and in which the court expressly declared that the defendant's claim of title—the only right or interest he pretended to have in the lands — was unfounded, and wholly without merit.

The statute authorizing this method of procedure contemplates a determination of every adverse claim, estate, lien, or interest in a simple form of action. The office of the complaint herein was to bring to a determination all rights of every nature and kind asserted by the defendant, while in the answer is found the only interest he had or pretended to have in the property. This interest was effectually disposed of by the findings, which would have sustained an order for judgment commensurate with the judgment complained of as not justified. We are of the opinion that all these matters may be considered in determining just what the trial court meant when stating in its conclusion of law that plaintiff was entitled to judgment "quieting title" in himself; and that, as plaintiff was, for the reasons mentioned, entitled to the relief actually awarded, there existed no ground for a modification of the judgment.

Order reversed.