MILLS & ALLEN v. EVANS & McCUTCHIN, *et al.,* Appellants.

**Highways:** PRESCRIPTION. A highway by prescription is not shown by evidence of public use for many years, if it was used during a portion, only, of each summer, and had been closed at times, and obstructed by fences, and that when so used, it was by consent of the owner.

**Piers:** DEDICATION: *Prescription.* A pier erected by one who has purchased a right to erect it from the owner of the adjoining land, does not become a public one, merely, because it is erected near the site of one which had previously been used by all desiring to use it.

RIPARIAN RIGHTS. A riparian owner on a navigable lake has the right to construct a pier below high water mark if he conforms to the regulations of the state, and does not interfere with the right of navigation,

Appeal: NEEDLESS ABSTRACTS. The cost of an additional abstract filed by appellee will not be allowed where it was unnecessary and there was no sufficient cause for filing it.

GIVEN, J., took no part.

*Appeal from Dickinson District Court.*—HON. W. B. QUARTON, Judge.

TUESDAY, JANUARY 26, 1897.

ACTION in equity to restrain the defendants from using a pier in Lake Okoboji, claimed by the plaintiff. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants appeal.— *Affirmed.*

*L. E. Francis* for appellants.

*J. W. Cory* for appellees.

ROBINSON, J.—I. The material facts of this case as admitted by the parties and shown by the evidence are substantially as follows: At the time this action was commenced, the plaintiff and the defendants were engaged in the business of running boats for hire on a navigable body of water known as "Lake Okoboji." The plaintiff had erected a pier, which extended from a point on the shore below high-water mark into the lake, in a northwesterly direction, a distance of seventy-four feet, but not so far as to interfere with navigation. It was ten feet wide, and had an approach eighty-four feet long and four feet wide. The pier and approach were built under a lease from W. B. Arnold, which contained the following: "Arnold's Park, April 10, 1895. For and in consideration of two hundred dollars, in hand paid, I hereby lease unto Mills & Allen, the exclusive right to erect and maintain a dock on lot 18, * * * * known as 'Arnold's Park,' and is to have the use of

said land in the interest of their steamboats, and for no other purpose whatever, for the term of two years. W. B. Arnold." Arnold was the owner of the lot when the lease was made, and the approach to the pier extended from the lot, at high-water line, across the intervening beach to the pier. Upon the lot were located a summer hotel, several cottages, and a restaurant and pavilion. A railway station is near the east boundary of the lot, and from that a driveway extends westward through the lot to the hotel, and thence westward, and then in a northwesterly direction, to the pavilion and the approach to the pier in question. From a point in the driveway near its east end a walk extends north to a pavilion and thence to Manhattan Beach dock, at which any one is permitted to land. For many years baggage had been hauled from the station through this lot or park, and unloaded at different piers, including one which had been maintained near the one in controversy. The one so maintained was used by all persons who desired to use it, until the year 1895, when it was purchased by the plaintiff, and then removed, and the one in suit was built two or three rods from its site. The plaintiff claims the exclusive right to use the new pier, and shows that, until they were enjoined, the defendants used it for their own benefit, to solicit and receive passengers, and to land them, to the injury of the plaintiff. A temporary injunction, restraining the defendants from using the pier, was issued. The defendants, the Lawrence Brothers, have filed a disclaimer. The other defendants insist that the pier is for the public, and that they are entitled to use it with the plaintiff. The claim thus made is based upon several grounds, two of which are stated by the appellants, as follows: "(1) That the said dock has been held us a public dock for years; that its situation is such as renders necessary the

maintenance of a public dock at that point, and that at the time of securing the temporary injunction herein, and ever since that time, it has been used as a public dock, and held out as one. (2) That a road established by prescription runs across the land owned by said Arnold, to the lake shore, reaching it immediately in front of the dock in question; that said dock is located below high-water mark, and the landing thereof is below high-water mark, and immediately out from the terminus of said road." It is also insisted that the lease given by Arnold did not give to the plaintiff any right to the shore below the high-water line.

It is admitted that the pier does not commence at any regularly established public highway, but it is insisted that it does commence in one established by prescription. The road was traveled regularly only during a portion of each summer, and then by consent of Arnold. At other times the road had been closed, and on several occasions within five or six years of the commencement of this action, had been obstructed by fences. We conclude that the evidence. fails to show that the road had been made a public highway by dedication or prescription. The park or lot is public to the extent that it contains an hotel which is kept open for guests during the summer months, and when it is open the public may use the road and other ways through the park by the consent of the owner. The park is bounded on the northwest by the lake, from which it is not separated by any highway, or other public grounds, and the lease of Arnold transferred to the plaintiff all the right to build and maintain a pier which he could have exercised as the owner of land bounded by a navigable lake. It is the law of this state that a riparian owner has "the right to construct, below high-water mark, bridges, piers and landing-places," if he conforms to the

regulations of the state, and does not interfere with the right of navigation. *Musser v. Hershey*, 42 Iowa, 361; *Renwick v. Railroad Co.*, 49 Iowa, 670. This is the general rule. *Hanford v. Railroad Co.*, 43 Minn. 112 (42 N. W. Rep. 296), and (44 N. W. Rep. 1144), and cases therein cited; *Yates v. Milwaukee*, 10 Wallace, 503; 29 Am. & Eng. Enc. Law, 68. The title of the owner of land bounded by a lake, extends to the natural shore. *Noyes v. Collins*, 92 Iowa, 566 (61 N. W. Rep. 250); *Diedrich v. Railway Co.*, 42 Wis. 262. The right of the owners of land upon navigable lakes to erect piers, docks, and other works necessary to a proper enjoyment of their property, which do not interfere with the paramount right of the public to navigate the water, is substantially the same as of those whose lands are upon navigable rivers. See *Hanford v. Railroad Co.*, 43 Minn. 112 (42 N. W. Rep. 596), and (44 N. W. Rep. 1144); *Land Co. v. Emerson*, 38 Minn. 406 (38 N. W. Rep. 200); *Dutton v. Strong*, 1 Black, 31; Angell, Water Courses, section 42. The plaintiff therefore acquired the right to erect and maintain the pier in question for the legitimate purposes of its business, and, if Arnold could have maintained it as a private dock, the plaintiff may do the same. There was no attempt to grant the right to erect a pier excepting as it was connected with and dependent upon the lot.

The evidence does not show that the public has acquired any right to use the pier. The mails are not carried over it by any government agent. Manhattan Beach pier is near the northeast corner of the park, and nearer to the railway station than is the pier in question. Some of the defendants have a pier near the west side of the park. The fact that the plaintiff erected its pier near the site of one

which had been used by all who desired to use it, does not make the one so erected a public pier. The plaintiff, for a consideration, gave to the owners of some of the boats, the privilege of using the pier, and offered to permit some of the defendants to use it upon their complying with certain conditions; but they refused the offer. The pier was not sufficiently large to accommodate the boats of the plaintiff, and also those of the defendants, and some of the latter proposed to build an extension to the pier, but were not permitted to do so. We do not find that the defendants have any right to extend the pier, or to use it. That it would be convenient and profitable for them to do so, is no doubt true, and, if they had that right, their patrons would probably derive a benefit from it. But the plaintiff built the pier, and has the exclusive right to maintain and use it. It is true that a pier, or other landing place, may sometimes be impressed with a public character, although owned by a private individual. In this case it may well be said that persons desiring to take, or leave boats which are permitted to land at the pier in question, are invited to use it, and to that extent it is public. But there is nothing in this case, no controlling consideration of public welfare, which requires us to hold that boats used in competition with those of its owner, should be permitted to use it. The plaintiff, after having purchased the right to do so, constructed the pier for its private advantage; and, so long as the rights of the public to use the lake are not interfered with, should be permitted to use it for the purpose for which it was intended. The decree of the district court protected the plaintiff in such use.

II. The appellants complain of an additional abstract filed by the appellee as unnecessary. We

find that the larger part of it was prepared without sufficient cause, and the appellee will be allowed costs on account of it to the amount of six dollars only. The decree of the district court is AFFIRMED.

GIVEN, J., took no part.