PETER O. SJOLI v. CHARLES DRESCHEL.[1]

June 26, 1903.

Nos. 13,484—(141).

**Public Land—Land Grant—Homestead.**
   *Held,* applying the rules established in Sage v. Swenson, 64 Minn. 517, and McHenry v. Nygaard, 72 Minn. 2, that defendant is the owner of, and entitled to possession of, the tract of land in controversy.

Action of ejectment in the district court for Otter Tail county. The case was tried before Searle, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Chauncey L. Baxter* and *Houpt & Field,* for appellant.
*Parsons & Brown,* for respondent.

COLLINS, J.
   Action of ejectment. The plaintiff's title depended upon a patent obtained under the homestead law of the United States, while the defendant relied upon a fully executed contract with the Northern Pa-

1 Reported in 95 N. W. 703.

cific Railway Company for the purchase of the tract; its title being based upon its land grant, a map of definite location of the line of road, which was duly filed November 21, 1871, and its selection of the tract in question as part of its indemnity lands, it being more than twenty and less than thirty miles from the main line of railway.

The facts were stipulated: In 1884 the plaintiff settled upon the land—forty acres—at which time it was in a state of reservation under a withdrawal order made by the Secretary of the Interior immediately upon the filing of a map of definite location by the railroad company. He made no application to enter the land until 1889, and this application was rejected on the ground that the forty acres was within the limits of another land grant to the St. Paul & Pacific Company. No appeal was taken from this decision. He made another application in January, 1895, which was allowed by the local land officers. Final proof was made in August, 1900; the patent being issued to him in June, 1901. The defendant's settlement upon the forty was made in 1886, with the intention of making the land a homestead under the laws of the United States, and he has ever since resided thereon. His application to enter the land under the homestead act was made December 27, 1894, but it was properly rejected by the local officers. At the time plaintiff settled upon the land in 1884, the homestead law required him to make and file his application for an entry of the land within three months from the date of his settlement, but this he failed to do; making no application until January, 1895, as before noted. In June, 1885, pursuant to the instructions of the Secretary of the Interior to the Commissioner of the General Land Office, dated May 28, 1883, the Northern Pacific Company filed in the proper land office its list of indemnity selections, embracing the tract in question, which list was rejected by the local officers upon the grounds, first, that the list did not specify the land lost, in lieu of which that included in the list was selected; and, second, because this tract had been previously appropriated by the St. Paul & Pacific Company, claiming under its grant.

Plaintiff obtained no homestead rights under his settlement in 1884. Mere occupation and cultivation, without compliance with the law requiring that he record his claim by an entry at the local land office within three months from the date of his settlement, was insufficient

to defeat the complete right of the railroad company, under its grant, to select this particular tract of land for indemnity purposes. McHenry v. Nygaard, 72 Minn. 2, 74 N. W. 1106. So that the plaintiff had no claim thereto, as against the company, when, in ·June, 1885, it filed a list of indemnity selections, embracing the tract in question, in the proper land office. He had not complied with the express provisions of the homestead law, fixing the time within which it was incumbent upon him to place his claim on record by filing his application and making entry, and had forfeited any right by virtue of his settlement. Maddox v. Burnham, 156 U. S. 544, 15 Sup. Ct. 544.

It is immaterial that this list of selections was rejected by the government officials, for their act was without authority of law, and it was also immaterial that the list did not specify the land lost, in lieu of which that included in the list was selected, because, under the directions and instructions of the Secretary of the Interior, then in full force, tract for tract selections were not required. And further, it was also of no moment that the tract in dispute had already been selected by the St. Paul & Pacific Company, under another grant, because it was afterwards determined that this company had no right whatever to it. The rights of the Northern Pacific Company became fixed and absolute in June, 1885, when it filed its list of selections, notwithstanding this list was rejected by the land officers and they absolutely refused to accept it. McHenry v. Nygaard, supra.

As will be noticed from the dates this list was filed, the selections were made and the rights of the company were fixed and vested almost four years before the plaintiff made any application whatever to enter the land. The original filing in June, 1885, was sufficient, and fixed the rights of the company, because it had done all that it could, and all that it was in law required to do, to perfect its title to the land; and its failure at that time to attain its right was solely by reason of the error or mistake of executive officers of the government. Nor was this fixed right affected by its subsequent action in 1892 when it rearranged its list of selections in obedience to an unauthorized requirement of the Secretary. Sage v. Swenson, 64 Minn. 517, 67 N. W. 544.

Plaintiff's attorneys call attention to Musser v. McRae, 38 Minn. 406, 38 N. W. 103, and Resser v. Carney, 52 Minn. 397, 54 N. W. 89. The language of the act now before us is entirely different from that

considered in Musser v. McRae. Its wording is that "other lands shall be selected by said company in lieu thereof under the directions of the Secretary of the Interior." The Secretary is nowhere authorized or required formally to approve the selections. The Resser case was cited and relied upon in McHenry v. Nygaard, and the claim now made for it was then disposed of.

Defendant is the owner of, and entitled to possession of, the tract of land in controversy.

Order affirmed.