## BOYER & LUCAS v. ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY.

### No. 1244.   Decided November 5, 1903.

**1.—Railway in Street—Measure of Damages.**

The measure of damages to abutting property by the construction and operation of a railway in the street is the diminution in the market value of such property caused thereby, in view of any use to which it may be applied and of all the uses to which it is adapted; the particular purposes to which the property is devoted may be shown, as bearing on this question, but can not make the measure of damages the diminution in its value for such purposes, instead of generally. (Pp. 108, 109.)

**2.—Charge—"Can" or "Must."**

An instruction to the jury that they "can" consider certain matters (the purposes for which property was used) was not erroneous, though the matters were such as the law required them to consider, and if a charge that they "must" consider them was desired it should have been requested. (P. 109.)

**3.—Diminution in Value—Examination of Witness.**

Plaintiff having testified that the running of trains on the street interfered with his business, admitted, on cross-examination, that the business had increased since the road was built; on the issue whether the value of his property had been decreased by the railroad in the street on which it abutted, his re-examination by his counsel as to a general increase in business in the town, following its construction, was not relevant in rebuttal of such cross-examination. (Pp. 109, 110.)

**4.—Same—Rendition for Taxation.**

Where, on the issue of a decrease in the value of plaintiff's property by construction of a railroad in the street, his renditions of the property for taxation before and since its construction were introduced in evidence against him as an admission, he should have been permitted to testify that the assessor, not himself, had fixed the values in such rendition. (P. 110.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Boyer & Lucas sued the railway company for damage to real property, and appealed from a judgment for defendant. On affirmance they obtained writ of error.

*J. A. Templeton* and *Webb & Jones,* for appellant.—If the market value of the property in controversy, or any part thereof, considering the purposes for which same was improved and used by appellants, was depreciated by the construction and operation in close proximity thereto of the railroad and switches in question, appellants were entitled to recover of the defendant railway company, and the measure of their damage would be the amount of depreciation in the value of said property. That is, the fair difference between what would have been the market value of said property without said railroad and switches maintained and operated and as they are maintained and operated, and its value with same as they now are, taking into consideration the purposes for which same had been improved and the uses to which it was then being devoted by appellants, and the court should have so instructed the jury. San Antonio & A. P. Ry. Co. v. Mohl, 37 S. W. Rep., 22; Rosenthal v. Taylor B. & H. Ry. Co., 79 Texas, 325; Denison P. & S. Ry. Co. v. O'Malley, 18 Texas Civ. App., 200.

The court should have instructed the jury that in determining whether or not the cash market value of the property in controversy had been decreased by the construction and operation of the railroad and switches in question, and in determining the issue as to whether plaintiffs were or were not entitled to recover at all, they should take into consideration the uses and purposes to which said property had been devoted by the plaintiffs and that they should exclude from their estimates both the injuries and benefits which plaintiffs had received. City of Dallas v. Kahn, 29 S. W. Rep., 98; 3 App. Cas. (Willson), secs. 278 and 279; Rev. Stats., art. 4462.

The court erred in refusing to permit the witness Lucas to testify as to the extent of the increase in trade in the city of Sherman during the last year, and in excluding the evidence of said witness to the effect that there had been such a general increase in the merchants' trade generally, which proposed evidence is set out in plaintiffs' sixth bill of exception. Texas & P. Ry. Co. v. Donovan, 86 Texas, 379; Missouri K. & T. Ry. Co. v. Cocreham, 10 Texas Civ. App., 166.

The court erred in excluding, when offered in rebuttal, as set out in plaintiffs' eighteenth bill of exception, the testimony of J. W. Boyer to the effect that when he rendered the property in controversy for taxes, as shown by the lists which had been introduced in evidence, he placed no valuation on said property, but such valuation as same appeared in said lists was fixed by the assessor, and not by said witness; that he simply signed said lists as same were prepared by the assessor; and that he did not swear to same, and did not make the affidavits thereto appended.

*C. H. Smith, A. L. Beaty,* and *V. E. McInnis,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by plaintiffs in error to recover of defendant in error damages for depreciation in value of real estate owned by plaintiffs in Sherman, resulting from the construction and operation of the railway of defendant along an adjacent street. On one of the lots in question was a storehouse used by plaintiffs in the mercantile business, and on the others were tenement houses which plaintiffs rented to tenants. Certain citizens of Sherman who had agreed with defendant to indemnify it against such claims for damages were brought in by it in order that, in case of a recovery by plaintiffs, it might have judgment over against such indemnitors. The case was tried by jury and verdict and judgment were rendered in favor of defendants. Upon appeal the judgment was affirmed by the Court of Civil Appeals. All of the assignments of error in the application to this court for writ of error have had our careful consideration, and we find that further notice of most of them than was given by the Court of Civil Appeals is unnecessary.

The charge of the trial court contained no error of which the plaintiffs have cause to complain. It seems to be one of their contentions,

that, if the property was rendered less useful for the particular uses to which they had put it, they would be entitled to recover damages as for a diminution in the value of such property, although its market value may have increased. This we do not understand to be the law. In estimating this item of damage, the effect of the construction and operation of the road upon the market value of the property is the measure. Railway Co. v. Fuller, 63 Texas, 467; Streyer v. Georgia S. F. Ry. Co., 90 Ga., 56. Of course, the particular purposes to which property is devoted as well as others to which it is adapted, may be shown in evidence to enable the court and jury to determine its market value and the effect of the construction and operation of the railroad upon it; but when only the damage done to the value of the property is under consideration, that must be measured by its market value. In Alloway v. City of Nashville (13 S. W. Rep., 123), the true rule is thus quoted from Lewis on Eminent Domain:

"The market value of property includes its value for any use to which it may be put. If, by reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation. Some of the cases hold that its value for a particular use may be proved; but the proper inquiry is, what is its market value, in view of any use to which it may be applied, and of all the uses to which it is adapted? * * * The condition of the property and all its surroundings may be shown and its availability for any particular use. If it has a peculiar adaptation for certain uses, this may be shown, and if such peculiar adaptation adds to its value the owner is entitled to the benefit of it. But, when all the facts and circumstances have been shown, the question at last is, what is it worth in the market?"

Owners of property abutting on streets occupied by railroads may suffer damage besides the diminution of the value of their property as has been held by this court. Daniel v. Fort Worth and R. G. Railway Co., 96 Texas, 327. The present question relates only to the ascertainment of damage to the value of the property itself. The rule to be applied is laid down in the Fuller case and many others in this court and was observed by the trial court in its charge. One objection urged to the charge is that it directs the jury that they "can," instead of "must," take into consideration the purpose for which the property was used. If it was proper for the court thus to call the attention of the jury to only one of several things which it might be the duty of the jury to weigh, which we need not now decide, the instruction given was correct so far as it went. If a more positive expression was desired, a special instruction should have been requested.

The court required one of the plaintiffs, on cross-examination, to testify to an increase in his mercantile business after the construction and operation of the railroad, and refused to permit him to testify, in re-

buttal, to the general increase in trade throughout the city of Sherman. As presented in the application for writ of error, an error was apparently committed in these rulings. The statement of facts, however, shows that the witness, as a reason for a diminution in the value of his property, had testified to an interference with his business and a loss of customers as a result of the running of trains along the street. In rebuttal to this, it was admissible for defendants to cross-examine him as to the increase of his business. Proof of the fact that there was a general improvement in business in Sherman would not have tended to support plaintiff's contention, which was that the value of his property had been lessened. There was no error in these rulings.

Complaint is made of the admission in evidence of renditions made by plaintiffs in the years 1900 and 1901 of the property for taxes, and of the refusal of the court to permit Boyer to testify in rebuttal thereof that not he, but the assessor, put the valuations on the property. The purpose of the evidence was to show that the values given by the plaintiffs in these renditions differed from those stated in their testimony. In other words, the renditions were evidently used as admissions made by plaintiffs. The papers had been identified as having been signed and sworn to by them as required by the statute. The oath was not to the valuations, but only to the correctness of the lists; but, as presented, the valuations appeared to be either the acts of the plaintiffs or those of the assessor acquiesced in by plaintiffs. Batts' Stats., art. 5123; International & G. N. Ry. Co. v. Smith Co., 54 Texas, 1. They were therefore admissible; but, for the very reason that, without explanation, they might be treated as admissions, it was also admissible for the plaintiffs to show that the valuations were not in fact made by them but by the assessor. If the question were as to the effect of the valuations for the mere purpose of assessment, it would probably be immaterial whether the owner or the assessor made it, the former not having contested it as provided by the statute. But the only effect the renditions can have in this case is as evidence of an admission, and their weight as such may depend upon proof of what the party to be affected by it said and did. While the renditions were properly admitted, the proposed evidence to explain and limit their effect was, we think, improperly excluded, and, as the case was closely contested and depended upon a conflict of evidence, the error requires reversal.

*Reversed and remanded.*