GULF, C. & S. F. RY. CO. v. KOCH.

(Court of Civil Appeals of Texas. Austin. Feb. 21, 1912.)

1. EVIDENCE (§ 113*) — RIGHT OF WAY—INJURY TO PROPERTY—ACTIONS—ADMISSION OF EVIDENCE.

In an action against a railroad company for injury to property by the erection of a viaduct across its yards, closing a street, plaintiff was asked on cross-examination, after testifying that in February, 1910, the market value of his property was $2,000, and that he had made no improvements within three years, as to what he had rendered the lot for taxes for the years 1907, 1908, and 1909, and would have testified that he gave the lot in for taxes, $500 in 1907, $600 in 1908, and $900 in 1909. Held, that the evidence was admissible as tending to show the value of the property.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

2. EVIDENCE (§ 215*) — ADMISSIONS—ADMISSION AGAINST INTEREST.

The evidence was also admissible as an admission against plaintiff's interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

3. TRIAL (§ 260*)—INSTRUCTIONS — CHARGES ALREADY GIVEN.

A special charge requested was properly refused, where the main charge and other special charges given covered the same question.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. TRIAL (§ 296*) — HARMLESS ERROR — INSTRUCTIONS.

Any error in referring the jury to the petition for a full statement of the case was harmless, where the instructions also distinctly stated the issues.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 296.*]

5. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS—REQUEST.

Where defendant did not request a charge fully stating the case and issues, it cannot complain on appeal of a charge referring to the petition for a fuller statement.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–641, 660, 662–676.]

6. RAILROADS (§ 114*)—INJURY TO PROPERTY—TAXES—SUFFICIENCY OF PETITION.

The petition alleged that plaintiff owned a house and lot fronting on C. avenue and Thirteenth street, which streets were his only means of ingress and where he conducted the business of a locksmith; that C. avenue was one of the principal streets; and that defendant railroad company crossed it and A. avenue, with its tracks and yards and erected along A. avenue, the first street north of C. avenue, a viaduct across its tracks between Thirteenth and Seventeenth streets and closed C. avenue, across its tracks between Thirteenth and Seventeenth streets and immediately opposite plaintiff's residence, by reason of which plaintiff's access to the western part of the city was cut off and the travel was diverted to A. avenue, and the surface water was also caused to overflow the premises, to his damage, etc. Held, that the petition was demurrable on the ground that the damage claimed was not shown to be the proximate result of defendant's negligence in constructing the viaduct and also for not alleging how or where defendant closed C. avenue.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 365–371; Dec. Dig. § 114.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by Rudolph Koch against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John M. Furman, Terry, Cavin & Mills, and A. H. Culwell, for appellant. John B. Daniel and W. R. Blaine, for appellee.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

RICE, J. The following statement of the case is substantially taken from appellant's brief: Appellee, who was plaintiff in the court below, was the owner of a house and lot in Temple, fronting 110 feet on Central avenue and 60 feet on Thirteenth street, each of which were public streets of said city, and the only means of ingress and egress to and from said premises, upon which was situated plaintiff's homestead, where he also conducted the business of gun and locksmith, alleging its value at the time of the injury hereinafter complained of at the sum of $2,000. He alleged that Central avenue was one of the principal streets of said city, leading directly from the heart of the same to and by plaintiff's premises, and was open for its entire length; that the defendant railway company owned and operated a line of railway through said city, with its tracks and yards crossing Central avenue and Adams avenue; that about February 1, 1910, the defendant erected on and along Adams avenue, which is the first avenue north of Central avenue, a viaduct across its tracks and yards between Thirteenth and Seventeenth streets, and closed and blocked to all passage said Central avenue across its tracks and right of way between Thirteenth and Seventeenth streets and immediately opposite plaintiff's said residence, and has since kept said avenue closed and blocked to all travel; that by closing Central avenue immediately opposite his premises his access to the western part of the city was cut off, and he now has to travel further than he did before the same was closed; that practically all of the travel that previously went by his premises was thereby diverted to said Adams avenue; that by the erection of the approaches to said viaduct the flow of surface water was caused to overflow said premises, depositing thereon débris and soil, by reason of all of which the market value of his premises was depreciated to less than $1,000. Defendant answered by general and special exceptions, general denial, and further by special plea to the effect that the damages claimed by diversion of travel were speculative and remote, and that, if the water did overflow plaintiff's property, the same was caused solely by the failure of the city of Temple to properly drain its streets and avenues, for which defendant was not liable. A jury trial resulted in a verdict and judgment in behalf of appellee for $550, from which this appeal is prosecuted.

[1, 2] During the progress of the trial, after appellee, who was a witness in his own behalf, had testified that in February, 1910, the market value of his property was $2,000, and that he had made no improvements thereon within three years, attorneys for defendant on cross-examination asked said witness what he had rendered said lot for taxes for the years 1907, 1908, and 1909; to which plaintiff by his counsel objected, and the objection was sustained. The bill shows that, if the witness had been permitted to answer the question, it would have been shown by plaintiff's evidence and by the assessment books of tax rendition that for 1907 witness under oath rendered said lot for taxes at $500, and for 1908 he rendered the same for $600, and for 1909 he rendered it for $900. We think this evidence was competent and relevant as a circumstance tending to show the value of the property, as well as the witness' judgment of its value, and also as being an admission against interest. While it is true, as contended by counsel 'for appellee, that the measure of damages is the difference between the value of the property immediately before and immediately after the alleged injuries, yet this does not preclude inquiry, upon cross-examination, into collateral matters bearing directly upon the issue, for the purpose of testing the knowledge of the witness with reference to the main fact under consideration. It is said by Mr. Greenleaf, in his work on Evidence: "The power of cross-examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests, which the law has devised for the discovery of truth. By means of it, the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory, and description, are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he has testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony." Section 446, 1 Greenl. on Evid. Believing that the court erred in excluding this testimony, we sustain appellant's first assignment of error.

[3] We overrule the second assignment, because we think the special charge was properly refused, since the court in its main charge, and special charges given at the instance of appellant, had covered the feature undertaken to be presented by it.

[4, 5] The third assignment complains of the fourth paragraph of the court's charge, wherein he said: "For a fuller statement of the case, I refer you to the plaintiff's second, amended original petition, which you will have with you in your deliberations"— on the ground that this reference virtually made the petition a part of the court's description of the matters in issue, and was prejudicial in that it directed the attention of the jury to allegations therein not supported by any evidence, as well as to portions thereof to which the court had sustained special exceptions, without instructing the jury what issues or allegations should be disregarded. While it is true that it is

the better practice for the court in its charge to carefully evolve the issues from the pleadings, without referring the jury to them for any purpose, still, since the court, as we think, had succinctly stated the issues, the error, if any, was harmless. Besides, if the appellant had desired a more specific statement than that given, it was its duty to have requested a charge on the subject; and, failing to do so, it cannot be heard to complain, for which reason we overrule this assignment. See M., K. & T. Ry. Co. of Texas v. Swift, 128 S. W. 450, where a similar contention was presented and overruled, and writ of error denied by Supreme Court.

[6] The court overruled appellant's second special exception, addressed to the insufficiency of the petition, on the ground that none of the allegations of damage claimed by plaintiff were alleged or shown to be the direct and proximate result of defendant's wrongful act, or of its negligence in the construction of the viaduct; nor did it allege how or where defendant closed or blocked said Central avenue. We have carefully examined the petition, and are inclined to believe that the demurrer was well taken and should have been sustained.

The sixth, seventh, and eighth assignments are on the facts, which we refrain from discussing, in view of another trial. The remaining assignments have been considered, and are regarded without merit.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.