## FT. WORTH & R. G. RY. CO. v. CHISHOLM.

(Court of Civil Appeals of Texas. Ft. Worth. March 30, 1912.)

1. RAILROADS (§ 444*)—INJURIES TO ANIMALS ON TRACKS—MEASURE OF DAMAGES.

In a statutory action against a railroad company for the killing of animals on its tracks, the measure of damages is the market value of the stock injured or killed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1621–1626; Dec. Dig. § 444.*]

2. RAILROADS (§ 447*)—DAMAGES (§ 69*)—OPERATIONS—INJURIES TO ANIMALS ON TRACKS—INSTRUCTIONS.

In a statutory action against a railroad company for the killing of an animal on its tracks, interest cannot be awarded as compensation, and an instruction to award plaintiff such a sum, as if paid in cash at the time of the trial would compensate him for his loss, was erroneous because interest might have been awarded under it.

[Ed. Note.—For other cases. see Railroads, Cent. Dig. §§ 1642–1650; Dec. Dig. § 447;* Damages, Cent.Dig. §§ 137–140; Dec.Dig. § 69.*]

3. RAILROADS (§ 439*)—INJURIES TO STOCK—EXCEPTIONS.

In an action against a railroad company for the wrongful killing of an animal on its tracks, a special exception demanding to know what particular train killed the animal should be sustained.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1551–1569; Dec. Dig. § 439.*]

4. EVIDENCE (§ 215*)—ADMISSIONS.

In an action against a railroad company for the wrongful killing of a jack on its track, where the plaintiff testified that the animal was worth $1,200 and that its value was the same the preceding January, the original sworn rendition of the property in question for taxes, wherein the plaintiff listed the animal at $200, was admissible as an admission.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

5. EVIDENCE (§ 318*) — HEARSAY — EX PARTE STATEMENTS.

In an action against a railroad company for the killing of an animal on its tracks, a statement, signed by the persons who sold the animal to plaintiff, that they considered him-worth more than $475, was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

6. RAILROADS (§ 442*) — OPERATION — INJURY TO ANIMALS ON TRACKS—EVIDENCE—MEASURE OF DAMAGES.

In an action against a railroad company for the killing of a jack on its track, testimony by a witness, who sold the animal to plaintiff, that he was cheap at the selling price to a man who needed him, was inadmissible, because not based on the proper measure of damages, which was the market value.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1596–1607; Dec. Dig. § 442.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by A. Chisholm against the Ft. Worth & Rio Grande Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman, of Houston, and Kearby & Kearby, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellee.

SPEER, J. Appellee, as plaintiff below, recovered a judgment against the appellant, Ft. Worth & Rio Grande Railway Company, for the value of a jack killed by one of appellant's trains.

[1] In submitting the measure of the plaintiff's damage, the court directed the jury to "award him such a sum of money as if paid in cash at this time would compensate plaintiff for his loss, taking into consideration the reasonable cash market value of the jack in question in the neighborhood it was killed, if killed, at the time it was killed." This, under repeated decisions, is not the measure of appellee's recovery. The action is a statutory action, and the measure of the recovery is fixed by the statute at the value of the stock injured or killed, which has often been interpreted to mean the market value. A proper charge was requested and refused.

[2] It is replied by appellee that, since all the evidence related to market value, the charge could not have been misleading. But in view of the fact that under the charge interest could have been awarded as "compensation" (Railway v. Greathouse, 82 Tex. 104, 17 S. W. 834) while under the decisions interest is not recoverable in the statutory action, we have no means of knowing that the jury was not misled by the charge to appellant's prejudice. Besides, the judgment must be reversed for other errors, and we shall not pause to determine whether the particular charge was harmless, since it is erroneous and should not be given on another trial.

[3] The special exception demanding to know the particular train which killed appellee's animal should have been sustained. It might be, and possibly is, very material that appellant should. know which train killed the animal so as to procure the testimony of the proper train crew. This, however, becomes immaterial on another trial, since by reason of the trial already had appellant is as fully apprised of the details of the transaction as it could be in response to this exception.

[4] There was error also in refusing to permit appellant to introduce in evidence the original sworn rendition of the property in question for taxes made by the appellee in January preceding the killing, and in refusing to require the appellee while a witness on the stand to answer whether or not he had rendered the jack for that year at

---

the sum of $200. This evidence was admissible as an admission by appellee and by way of impeachment or contradiction of his testimony; he having sworn that the animal was worth $1,200 and that its value was the same in January preceding. Boyer & Lucas v. St. L., S. F. & T. Ry. Co., 97 Tex. 107, 76 S. W. 441; Hengy v. M., K. & T. Ry. Co., 109 S. W. 402; Crystal City & U. R. Co. v. Isbell, 126 S. W. 47.

[5, 6] The sixth assignment is also sustained. The written statement signed by J. N. Higginbotham and R. W. ·Higginbotham, who sold the jack to appellee, to the effect that they considered him worth more than $475, the price received by them for him, was of course hearsay, and their answer that the same was true would not render such statement admissible in evidence. Besides, the deposition of the witness stated that "the animal was cheap at that price to a man who needed him." This was objected to because not the proper measure of damage, and the evidence should have been excluded.

For the errors discussed, the judgment is reversed, and the cause remanded.