TRINITY & B. V. RY. CO. v. ORENBAUM.
(No. 7270.)

(Court of Civil Appeals of Texas. Dallas. Feb. 6, 1915.)

1. EMINENT DOMAIN ⚌202—CONDEMNATION —EVIDENCE.

In an eminent domain proceeding, where the evidence as to the value of the entire parcel, only part of which was sought to be taken, conflicted, plaintiff valuing it at a larger sum than the other witnesses, evidence of the amount at which he listed the parcel for taxation is admissible as an admission.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. ⚌202.]

2. EMINENT DOMAIN ⚌315—REVIEW—HARMLESS ERROR.

In condemnation, where evidence as to the value of the land, part of which was taken, conflicted, and the jury awarded plaintiff only part of the damages claimed, that the award was less than the damages claimed did not render harmless the erroneous exclusion of evidence that plaintiff listed his property for taxation at a considerably less sum.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 829–833; Dec. Dig. ⚌315.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by W. G. Orenbaum against the Trinity & Brazos Valley Railway Company, which filed a cross-action. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Morrow & Morrow, of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RASBURY, J. Appellee sued appellant in the court below under the statutory form of trespass to try title to recover a lot or parcel of land situated in the town of Hillsboro, Tex., as well as for rents thereof and for damages thereto resulting from excavations made and railway tracks laid in proximity thereto by appellant. Appellant met the allegations of the petition by the general denial, and by cross-action sought to condemn for its use a strip of the land 7 feet in width and 100 feet in length, off the west side thereof. There was trial by jury, resulting in verdict for appellant for the strip of land sought to be condemned and for appellee for $400 damages, which, under the charge of the court, covered the value of the strip of land awarded appellant, as well as any damage resulting to the remainder of the lot, due to taking therefrom the said strip; also, verdict for appellee for $125, rentals for the use and occupancy of the said strip of land before the condemnation proceedings. Judgment followed the verdict.

[1] The first assignment of error complains of the refusal of the trial judge to permit appellant to prove by appellee on cross-examination that he had valued his lot for taxation at $400, and the second and third assignments complain of the refusal of the court to permit appellant to prove by the tax assessor of Hill county, and the tax assessor of Hillsboro, that appellee in rendering his said lot for taxation to them, respectively, for the year 1913, also valued his land at $400. In connection with the issue thus raised, it appears from the evidence that Paschall street in Hillsboro runs east and west. Appellee, at the time of trial, was the owner of a lot 100 feet square, which fronted north on Paschall street. Appellant, whose railway line is in proximity to appellee's said lot, in constructing a switch or spur track in that vicinity, encroached upon the west side of appellee's lot at least seven feet for the full length thereof, and at the time of the trial appellant had been in the use and occupancy of said strip of land for approximately four years, according to the testimony of appellee. Appellee, upon direct examination, testified that the value of the entire lot was $3,000, and that his damage, resulting from the act of appellant in appropriating the strip and the ensuing damage to the remainder of his lot, by reason of such taking, was $800; while his witnesses Thompson and Kirkpatrick placed such damage at $500. But appellant's witness Satterfield valued the entire lot at $750, and placed the damage to appellee at $75, thus showing a conflict between all witnesses on the issue as to value; appellee placing a greater value on his land than any witness who testified. Then it was that appellant offered to make the proof shown by the assignments, which was rejected by the court, but which we conclude should have been admitted. Boyer & Lucas v. St. Louis, S. F. & T. Ry. Co., 97 Tex. 107, 76 S. W. 441; G., C. & S. F. Ry. Co. v. Combes & Rector, 80 S. W. 1045; Burton Lumber Corporation v. City of Houston et al., 45 Tex. Civ. App. 363, 101 S. W. 827; Crystal City & N. R. Co. v. Isbell et al., 126 S. W. 47. Such facts were admissible in evidence as admissions only by appellee relating to the value of the land

at the time the rendition was made, subject to such explanation as he cared to make, and to be given whatever force or effect they appeared to the jury to be entitled to.

[2] But it is urged by counsel for appellee, in effect, that, since the testimony adduced by appellee would have supported a larger verdict, the error is harmless. We think not. While it is nearly impossible to approximate exactly what effect a given fact or circumstance may produce upon the minds of the jurors, we incline to the opinion that, since the jury did not adopt the value fixed by appellee and his witnesses, it could with equal force be argued that with appellee's admission in evidence it would have tended to induce the jury to yet further disregard the evidence of appellee as to value. And if the admission sought to be proven would have had such tendency, such fact but serves to illustrate the error of the exclusion of the circumstance.

It is also urged that the verdict of the jury is excessive in both the amount of damages and rents recovered. Since we conclude the cause should be reversed for the reason indicated, any comment upon, or discussion of, the amount of the recovery, would obviously be improper, and for that reason we do not consider such assignments.

The judgment of the court below is reversed, and the cause remanded for another trial not inconsistent with the views here indicated.