## STATE v. DOOM et al. (No. 6891.)

(Court of Civil Appeals of Texas. Austin.
Oct. 28, 1925. Rehearing Denied
Nov. 25, 1925.)

1. **Eminent domain** ⬤═➤202(6)—**Evidence as to renditions of property for taxation held improperly excluded in condemnation proceedings.**

In proceedings to condemn property under Acts 37th Leg. (1921) c. 137, evidence of renditions of such property for taxation *held* improperly excluded on issue of value, and fact that owner did not personally render the property or know that her husband had done so was matter of explanation rather than grounds for excluding evidence.

2. **Eminent domain** ⬤═➤202(6)—**Evidence as to renditions of property for taxation held not so remote as to warrant exclusion.**

In condemnation proceedings, under Acts 37th Leg. (1921) c. 137, evidence as to renditions of property for taxation *held* not so remote as to warrant its exclusion on question of value, where owner testified as to offer for property received by her during one of years in which such renditions were made.

3. **Eminent domain** ⬤═➤202(1)—**Sentimental value of property may be considered in eminent domain proceedings.**

Sentimental value of property may be considered on question of value in condemnation

---

⬤═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proceedings under Acts 37th Leg. (1921) c. 137.

**4. Eminent domain ⊜⟹202(1), 222(4)—Jury may consider replacement value of improvements, less deterioration, on question of market value; better practice to define market value than to attempt to instruct what not to consider.**

Replacement values of improvements on property, less deterioration, may be considered by jury in eminent domain proceedings, under Acts 37th Leg. (1921) c. 137, on question of market value, though it is better practice to define market value for jury than to attempt instruction as to what it should not consider.

**5. Eminent domain ⊜⟹222(4)—Instruction defining market value and stating right under statute to recover market value should be given on request of either party.**

In condemnation proceedings, under Acts 37th Leg. (1921) c. 137, instruction as to right to recover market value of property, under Rev. St. 1911, art. 6519, defining market value, should be given on request of either party.

Appeal from Travis County Court; Geo. S. Matthews, Judge.

Condemnation proceeding by the State against Mrs. Nellie Doom and others. From a judgment determining the value of the property, the State appeals. Reversed and remanded.

Dan Moody, Atty. Gen., and Ernest May, Asst. Atty. Gen., and Hart, Patterson & Hart, of Austin, for the State.

R. L. Batts, of Austin, for appellee Mrs. Nellie Doom.

BLAIR, J. This appeal is from a condemnation proceeding in connection with the acquisition of additional lands for the use of the state university, as authorized by chapter 137, Acts of the Thirty-Seventh Legislature.

The commissioners appointed assessed the damages for the property in question at $44,-500. The state and appellees, Mrs. Nellie Doom, and her husband, D. H. Doom, contested the award. A hearing of the matter was had before a jury upon the following special issue:

"What is the fair market value of the property described in plaintiff's petition?"

The jury's answer to the question was $55,000. The state has appealed from the judgment of the court for that amount.

The third proposition presented complains of the refusal of the court to permit evidence of renditions of the property for taxation a number of years.

Appellee Mrs. Nellie Doom testified:

"The property has never been on the market for sale nor offered to anybody for sale. In 1917 or 1918 Dr. Goodall Wooten of this city offered me $55,000 for the property for the

Dominican Sisters, and upon another occasion I was asked if I would take $25,000 for a portion of the property.

"The offer made by Dr. Goodall Wooten was in the following manner: He was looking for a location for the Dominican Sisters for a Hospital, and asked me if I would take $55,000 for this property.

"This property has not been rendered for taxes either by me or by my husband since the death of my mother. My mother died about 21 years ago."

The state then offered to prove by Henry Ziller, deputy assessor and collector of taxes for the city of Austin:

"That for the year 1916 the property set out and described in plaintiff's petition was assessed for taxes to the city of Austin by D. H. Doom, real estate, $7,500, raised by the board of equalization to $8,250, house assessed by D. H. Doom for $1,500; that for the year 1917 the property was assessed for taxes to the city of Austin by D. H. Doom, real estate, $8,250, house assessed by D. H. Doom for $1,500; that for the year 1918 the real estate or lot was assessed by D. H. Doom on May 21, 1918, for $1,500; that for the year 1919 the lot or real estate was assessed for taxes to the city of Austin by D. H. Doom for the sum of $8,250 on May 23, 1919, and the house assessed by D. H. Doom for $1,500; that for the year 1920 the real estate or lot was assessed by D. H. Doom on February 17, 1920, for $8,250 and the improvements or house was assessed by D. H. Doom for $1,500, and the board of equalization raised the improvements to $2,000."

It also offered to show by H. H. Studer, deputy tax assessor for Travis county, that the property in question was assessed for the year 1916 in the name of appellee Mrs. Nellie Doom, by her husband, appellee D. H. Doom, for $4,250, and for the year 1918 in the same manner for $4,200. This testimony was excluded upon appellees' objection.

[1] It is well settled that in condemnation proceedings evidence of the value for which the property is rendered for taxation is proper for the consideration of the jury as an admission against interest, and as tending to show market value, where the evidence conflicts on that issue. Boyer et al. v. St. L., S. F. & T. Ry. Co., 97 Tex. 107, 76 S. W. 441; Ry. Co. v. Orenbaum (Tex. Civ. App.) 173 S. W. 531; Ry. Co. v. Isbell (Tex. Civ. App.) 126 S. W. 47; Ry. Co. v. Koch (Tex. Civ. App.) 144 S. W. 1035.

Appellees recognize this rule, but seek to avoid its application on the ground that it does not appear that Mrs. Doom had anything to do with the assessment of the property, and for the further reason that the assessments were at a period so remote from the date of the trial as to have no material bearing upon the value to be established.

Neither of these contentions is sustained. Although it is true that Mrs. Doom did not personally render the property, nor did she

know that her husband had rendered it, still her husband, who is one of the interested plaintiffs seeking to set aside the award, and one of the appellees here, did render it in the manner shown by the excluded testimony. Under such state of facts the following rule announced in Boyer et al. v. Ry. Co., supra, applies here:

"The oath was not to the valuations, but only to the correctness of the lists; but, as presented, the valuations appeared to be either the acts of the plaintiffs or those of the assessor acquiesced in by plaintiffs. Batts' Stats. art. 5123; International & G. N. Ry. Co. v. Smith County, 54 Tex. 1. They were therefore admissible, but, for the very reason that, without explanation, they might be treated as admissions, it was also admissible for the plaintiffs to show that the valuations were not in fact made by them but by the assessor. If the question were as to the effect of the valuations for the mere purpose of assessment, it would probably be immaterial whether the owner or the assessor made it, the former not having contested it as provided by the statute. But the only effect the renditions can have in this case is as evidence of an admission, and their weight as such may depend upon proof of what the party to be affected by it said and did. While the renditions were properly admitted, the proposed evidence to explain and limit their effect was, we think, improperly excluded, and, as the case was closely contested and depended upon a conflict of evidence, the error requires reversal."

We submit that under this decision the fact that Mrs. Doom did not personally render the property or know that her husband had done so becomes a matter for explanation of the rendition rather than a reason for the exclusion of the testimony. Nor are we prepared to say that the exclusion of the testimony is immaterial. The only testimony fixing the value of the property at the sum of $55,000 was Mrs. Doom's statement that she was offered that for it in the year 1918. The opinions of the other witnesses as to the market value of this property differed widely, involving a difference of several thousand dollars. On this issue the Dallas Court of Civil Appeals, in the case of Ry. Co. v. Orenbaum, supra, held:

"While it is nearly impossible to approximate exactly what effect a given fact or circumstance may produce upon the minds of the jurors, we incline to the opinion that, since the jury did not adopt the value fixed by appellee and his witnesses, it could with equal force be argued that with appellee's admission in evidence it would have tended to induce the jury to yet further disregard the evidence of appellee as to value. And if the admission sought to be proven would have had such tendency, such fact but serves to illustrate the error of the exclusion of the circumstance."

So in this case, if the admission of the proffered testimony would have tended to induce the jury to have disregarded appellee's testimony as to the value she placed upon her property, then it would be error to exclude it.

[2] As to the remoteness of this testimony there is no merit in the contention. Mrs. Doom testified that it was in 1918 that she was offered $55,000 for the property in question, at which time it was rendered for taxation to the county for $4,200, and to the city of Austin for $9,750. It was also shown by appellees that the property had a certain increase in value for each year, which by mathematical calculation connected the value of the property in 1918, and other years before and after 1918, with the value of it at the date of the trial. See, also, the reason assigned for the admission of such testimony in Ry. Co. v. Koch (Tex. Civ. App.) 144 S. W. 1036.

For the error pointed out the cause must be reversed and remanded, and we pretermit a discussion of the state's propositions that the verdict is wholly unsupported by the evidence, or is so overwhelmingly against the weight of the evidence as to require a reversal of the cause.

[3, 4] The state's fourth proposition, predicating error upon the refusal of the trial court to instruct the jury to exclude the sentimental value of the appellees' property for any purpose, and to not consider any evidence of replacement values for improvements, is not sustained. The state did not object to testimony of replacement values at the time it was offered, but error is predicated upon the refusal of the court to instruct the jury to disregard such testimony.

The evidence discloses that the house upon the property was of excellent design and of exceptionally good material, and in good repair. It had been built for some 50 or 60 years. It was adapted to its present use and for other purposes. Its initial costs were not proven. Its replacement costs were proven. Its natural deterioration was proven; that is, it was shown what percentage the property would deteriorate annually. Present costs, less natural deterioration for the period of the life of the building, is not conclusive as to its market value, but such facts might aid the jury in arriving at the market value.

[5] We are also inclined to the view that it is the better practice to define to the jury market value rather than attempt to control them by instructing as to what they should not consider. An admirable definition of "market value" is quoted with approval by the Supreme Court in Boyer v. Ry. Co., 97 Tex. 109, 76 S. W. 441. This definition and article 6519, relating to the exercise of the right of eminent domain, should be given if either party desires the jury so instructed.

The cause will be reversed and remanded.

Reversed and remanded.

McCLENDON, C. J., not sitting.