## AUE et al. v. STATE.

### No. 9450.

Court of Civil Appeals of Texas. San Antonio.

Nov. 28, 1934.

Rehearing Denied Dec. 19, 1934.

Henry, Bickett & Bickett, of San Antonio, for appellants.

Raymond D. Wier and D. F. Davis, both of San Antonio, for appellee.

MURRAY, Justice.

This is a condemnation proceeding, brought under the provisions of article 6674n, Vernon's Ann. Civ. St., in which the state of Texas, acting by and through the commissioners' court of Bexar county, Tex., seeks to

condemn for state highway purposes a strip of land containing about sixteen acres. The proceedings were against Rudolph Aue and his wife, Mollie Aue, and Agnes Seele, who were alleged to be the owners of the land.

The petition contained, among other things, the following allegation: "That the State of Texas, is now constructing, laying out and reconstructing a State Highway, designated as such, by the Highway Commission of Texas, in Bexar County, Texas, which said Highway is known and designated as State Highway No. 9; and that such construction and reconstruction upon said Highway is surveyed through, across and upon, and will cross, run through and upon the following described real property, * * *" (Here follows the description of the strip of land herein sued for by metes and bounds.)

It is also alleged that the commissioners' court had attempted to agree with the appellants, Rudolph Aue and wife, Mollie Aue, and Agnes Seele, as to the amount of damages, and had offered them the sum of $1,254.-10, which offer had been declined.

After the filing of the condemnation proceedings, commissioners were appointed and made an award in the sum of $3,445, to appellants· as the amount of the value of the property to be taken and the damages to be suffered. Both, appellants and appellee, filed objections to this award.

The trial was to a jury and resulted in a judgment condemning the land for state highway purposes and allowing Rudolph Aue and Mollie Aue an award in the sum of $2,341.50, and Agnes Seele an award in the sum of $100, from which judgment Rudolph Aue, Mollie Aue, and Agnes Seele have prosecuted this appeal.

Appellants' first proposition is as follows: "Under the statute (article 6674n, Vernon's Ann. Civ. St., Acts 1933, 43d Leg., p. 622, ch. 207), it is a necessary prerequisite to the taking of private property for the construction of a designated state highway that the State Highway Commission select the particular location of the proposed highway and the property over which it is to pass; and, there being no exercise of such discretion or judgment by the State Highway Commission shown in this case with reference to the alleged proposed roadway, the judgment of the trial court was erroneous."

The law unquestionably rests the power and duty in the highway commission of selecting the property over which a proposed highway is to pass. However, this suit was instituted in the name of the state of Texas for the specific piece of land described in plaintiff's petition, and appellants did not, by sworn plea, raise the question that this suit had not been authorized by the proper governmental agency. Evidence was introduced showing that the highway commission, on September 23, 1931, authorized the state highway engineer to make a survey of highway No. 9, from the city limits of San Antonio to a connection with the present highway in Kendall county, and to accept the proposition of E. P. Arneson to complete the location surveys and prepare route sketch maps and right of way information. On July 1, 1932, the state highway commission passed and entered the following minutes:

"Minute No. 6246.

"July 1, 1932.

"In Bexar County, it is ordered that plans be completed on State Highway No. 9 from Leon Springs to the Kendall County line, and that bids be received from the construction of both Units I and II; the condition of this order being that Bexar County will furnish not less than a 120 ft. right-of-way on location approved by the State Highway Engineer, of the most economical and practicable type of Unit II.

"This is to certify that the above is a true and correct copy of Minute No. 6246, passed on July 1, 1932, the same appearing in the Official Record of the State Highway Department, at Austin, Texas.

"M. L. Wiginton
"[Seal.]   Secretary, State Highway Commission."

A blueprint map was introduced in evidence, made under the supervision of the resident engineer of the state highway department, showing the new route of state highway No. 9, and showing it to require the land herein sued for as a part of this new route.

■■ The fact that the suit was instituted in the name of the state of Texas, by the county commissioners of Bexar county, and that its authority to bring and maintain this suit was not denied by appellants in a duly verified plea, as required by article 2010, Rev. Civ. Stats. 1925, will preclude appellants from contending that this suit was not properly instituted. If the state highway commission has in effect instituted this suit for the condemnation of this specific piece of land, it will be presumed that it had determined that it was necessary or convenient to the construction of state highway No. 9 that this

particular piece of land be condemned by the state.

We do not feel that it was necessary for the evidence to show affirmatively that the highway commission had exercised its discretion, in the absence of a sworn plea denying the authority of the commissioners' court to maintain this suit, but, if it was necessary, then there is sufficient evidence in the record, as above set forth, to show by circumstances that the highway commission had in fact exercised its discretion, and determined that the land sued for was at least convenient to the construction of state designated highway No. 9. Appellants' first proposition will be overruled. Joyce v. Texas Power & Light Co. (Tex. Civ. App.) 298 S. W. 627; Crary v. Port Arthur C. & D. Co., 92 Tex. 275, 47 S. W. 967; 64 Corpus Juris 429, Footnote 91; Angier v. Balser (Tex. Civ. App.) 48 S. W.(2d) 668.

By their second proposition appellants contend that no bona fide offer was made to them for their land, as Bexar county did not have the money on hand with which to pay them for their land at the time the offer was made. They complain that all evidence as to whether or not there were sufficient funds on hand in the county treasury to pay this offer was excluded by the trial judge. We conclude this was not error.

The petition alleged and the evidence disclosed that the parties had been unable to agree upon the value of the land or the damages, and this was sufficient to justify the institution of the proceedings. Regardless of whether appellants accepted the offer made them, or whether the value of the land and the amount of damages has been fixed by a jury, appellants cannot be disturbed in their title to the land until the sum so agreed upon, or found by the jury, is tendered to them in cash. Article 3264, R. C. S. 1925; In re Cedar Rapids, 85 Iowa, 39, 51 N. W. 1142; Bishop v. New Haven, 82 Conn. 51, 72 A. 646; City of Chicago v. Sanitary District of Chicago, 272 Ill. 37, 111 N. E. 491; Lone Star Gas Co. v. Birdwell (Tex. Civ. App.) 74 S.W. (2d) 295.

By their third proposition appellants complain of the introduction of tax assessments as evidence of value of property sought to be taken in condemnation proceedings. This testimony was properly admitted. Rudolph Aue had testified as to the value of this land and the assessments were clearly admissible as a declaration against interest. Boyer & Lucas v. Ry. Co., 97 Tex. 107, 76 S. W. 441; Crystal City & U. R. Co. v. Isbell (Tex. Civ. App.) 126 S. W. 47; Gulf, C. & S. F. R. Co. v. Koch (Tex. Civ. App.) 144 S. W. 1035; Trinity & B. V. Ry. Co. v. Orenbaum (Tex. Civ. App.) 173 S. W. 531; State v. Doom (Tex. Civ. App.) 278 S. W. 255; Ft. Worth & D. S. P. Ry. Co. v. Gilmore (Tex. Civ. App.) 13 S. W.(2d) 416.

There is no merit in appellants' fourth proposition, and it will be overruled.

Appellants' fifth proposition complains of the court's charge which placed the burden of proof upon them of establishing the value of the property. We conclude the charge was correct. Roberts v. County of Robertson (Tex. Civ. App.) 48 S.W.(2d) 737; City of Mart v. Hasse (Tex. Civ. App.) 281 S. W. 319; Hopkins County Levee Improvement Dist. v. Hooten (Tex. Civ. App.) 252 S. W. 325.

By appellants' sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth propositions complaint is made of a number of omissions from the court's charge. We have carefully examined these complaints and conclude that the court's charge fairly presented this cause to the jury, and that the matters complained of do not present reversible error.

By the thirteenth proposition appellant Mrs. Seele complains of the award made to her being grossly inadequate. The evidence is not clear as to the extent of Mrs. Seele's life estate. It seems that Mrs. Seele had a life estate in part of the land taken, but no interest in the other part. She was seventy-two years old at the time of the trial, and no evidence was offered as to her life expectancy. The jury heard her testify and saw her physical appearance. As to what they may have concluded was her life expectancy, we do not know. From the evidence before us we are unable to say that the sum of $100, awarded to her for her interest in the land taken, was so grossly inadequate as to require a reversal of this cause.

The judgment of the trial court is affirmed.

BICKETT, C. J., did not participate in the decision of this case.