**DICKENS COUNTY v. DOBBINS et al.**

No. 4592.

Court of Civil Appeals of Texas. Amarillo.

May 11, 1936.

L. D. Ratliff, Jr., of Spur, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

JACKSON, Justice.

This is a condemnation suit instituted by appellant, Dickens county, for the use and benefit of the highway department of the state of Texas, against the appellees, Corria Dobbins and her husband, J. H. Dobbins, to condemn, for highway purposes, a strip of land about 100 feet wide, containing about 12.07 acres and extending through a tract of 583 acres owned by Mrs. Dobbins.

The appellees filed a cross-action in which they alleged and sought to recover their damages.

Since by agreement in open court all the matters in controversy were eliminated except the value of the land taken, damages to that not taken, and the benefits peculiar to appellees by reason of constructing the highway, a more complete statement of the pleadings is unnecessary.

In response to special issues submitted by the court, the jury found in effect that the reasonable market value of the 12.07 acres of land taken was $300, and the damage to the acreage of the tract not taken was $900.

On these findings the court rendered judgment against appellant and in favor of appellees for the sum of $1,200, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the trial court in excluding the testimony of J. H. Swain, deputy tax-assessor of Dickens county, as to the value for which the entire tract was rendered for taxes in 1935 by Mrs. Dobbins. Appellee objects to a consideration of this assignment, asserting that the bill of exceptions upon which the assignment is based fails to show what the testimony of the witness would have been. The statement of facts and the additional bill of exception made, presented to, and approved by the court disclose that, while the witness was on the stand, after testifying to his official position, stated that he took the rendition for the taxes on the land for the year 1935. The appellee objected "because land is never rendered at its true value," and this objection was sustained, to which appellant took an exception and stated to the court substantially that the witness would testify, if permitted, that the land in controversy was rendered for taxes for the year 1935 for the sum of $2,460 by Mrs. Dobbins personally. This in our opinion sufficiently discloses what the excluded testimony would have been. Northern Irr. Co. v. Dodd (Tex.Civ.App.) 162 S.W. 946; Schaffner et al. v. Consolidated Oil Co. of Texas (Tex.Com.App.) 293 S.W. 159; 3 Tex.Jur. p. 473, § 331.

The market value of the land involved was a controverted issue, the testimony on which was conflicting, and evidence offered should have been admitted.

"It is well settled that in condemnation proceedings evidence of the value for which the property is rendered for taxation is proper for the consideration of the jury as an admission against interest, and as tending to show market value, where the evidence conflicts on that issue. Boyer et al. v. St. Louis, S. F. & T. Ry. Co., 97 Tex. 107, 76 S.W. 441; Trinity & B. V. Ry. Co. v. Orenbaum (Tex.Civ. App.) 173 S.W. 531; Crystal City & U. Ry. Co. v. Isbell (Tex.Civ.App.) 126 S. W. 47; Gulf, C. & S. F. Ry. Co. v. Koch (Tex.Civ.App.) 144 S.W. 1035." State v. Doom et al. (Tex.Civ.App.) 278 S.W. 255, at page 256; Aue et al. v. State (Tex. Civ.App.) 77 S.W.(2d) 606.

The appellant challenges as error the refusal of the court to give its requested charge defining "market value," which is as follows: "You are further instructed that the term 'market value' in this cause is the price which the property will bring when it is offered for sale by one who desires but is not obliged to sell it, and is bought by one who is under no necessity of having it."

The definition of "market value" contained in this requested charge is in substantial compliance with the definition of "market value" by the Supreme Court in State v. Carpenter et al., 89 S.W.(2d) 979. The term "market value" was nowhere defined by the court in his main charge, and in our opinion this requested definition should have been given. Tidal Western Oil Corporation v. Blair (Tex.Civ.App.) 39 S. W.(2d) 1103, and authorities cited; Panhandle & Santa Fé Ry. Co. v. Burt et al. (Tex.Civ.App.) 50 S.W.(2d) 922.

The appellant contends that the trial court committed error in refusing its requested issue, which is as follows: "Do you find from a preponderance of the evidence in this cause that the defendants herein will receive any benefits by reason of the building and construction of the highway in question?"

Article 3265, R.C.S., subd. 4, provides that: "In estimating either the injuries or benefits, as provided in the preceding article, such injuries or benefits which the owner sustains or receives in common with the community generally and which are not peculiar to him and connected with his ownership, use and enjoyment, of the particular parcel of land, shall not be con-

sidered by the commissioners in making their estimate."

The issue requested was presented by the pleadings, and, if the testimony discloses that the appellees received any benefits not common with the community but peculiar to themselves, such an issue should have been submitted to the jury. However, this requested charge failed to confine the jury in estimating the benefits, if any, to such as were peculiar to appellees and not common to the public, and was therefore technically incorrect. Whether or not it was sufficient to call the attention of the court to its failure to submit such issue we need not determine, as upon another trial the defect therein can easily be eliminated.

The judgment is reversed, and the cause remanded.