## CLARK v. CITY OF EASTLAND.

No. 1950.

Court of Civil Appeals of Texas. Eastland.

Nov. 10, 1939.

510

· Jack W. Frost and R. L. Rust, both of Eastland, for appellant.

Frank Sparks, of Eastland, for appellee.

LESLIE, Chief Justice.

Mrs. Alice C. Clark instituted this suit against the City of Eastland, a municipal corporation, for damages to her health and homestead property resulting from an alleged maintenance by the City of its dump ground adjoining her property. The defendant entered a general denial and alleged certain special defenses.

At a trial before the court and jury, judgment was rendered in favor of the defendant on the jury's answer to special issues.

In response to some of the issues the jury found that the odor or smoke complained of did not materially interfere with the physical comfort of the plaintiff residing on her property, injure her health or property. And, in response to the last issue inquiring the amount of damages or injury, if any, the jury answered "none." Other facts necessary to reflect the disposition made of the different assignments of error will be stated in the discussion of the same.

■ The first and second propositions pertain to the admission of testimony, the assignment challenging the ruling of the court in admitting in evidence, over plain-tiff's objection, Mrs. Clark's rendition of her property at a valuation of $150. The assignment is to the effect that counsel for defendant propounded to Mrs. Clark, Mr. C. L. Noble and Mr. Kelley the question "Did not Mrs. Clark render the property for $150?" If such question was propounded to either of the witnesses, neither that fact nor the ruling of the court is perpetuated by a bill of exception in the old form, or a Q & A or narrative record.

The plaintiff alleged that the market value of her homestead, prior to the city's use of the adjoining land as a dump ground, was $2500, and its reasonable rental value was $300, and that the dump ground as used by the city had destroyed the cash market value of her property, as well as its rental value. Therefore, if any implications are to be drawn from the record sustaining the assignment that such question was asked, then such evidence was apparently offered as a declaration against interest, Mrs. Clark having alleged the market value, offered evidence to that effect and further testifying that "I rendered my house for taxes. I have rendered it for taxes since my husband's death."

As declarations against interest, there was no error in the admission of this testimony under the circumstances of this case as may be seen from the following authorities: · Boyer & Lucas v. St. Louis, S. F. & T. R. Co., 97 Tex. 107, 76 S.W. 441; Gulf, etc., Co. v. Koch, Tex.Civ.App., 144 S.W. 1035; Ft. Worth & D. C. R. Co. v. Hapgood, Tex.Civ.App., 201 S.W. 1040; Ft. Worth & D. S. P. R. Co. v. Gilmore, Tex.Civ.App., 13 S.W.2d 416; 17 Tex.Jur. p. 458, § 173, and numerous authorities cited in the foot note.

■ By the third proposition the contention is made that there is a conflict in the answers of the jury to special issues 1 and 2, thereby destroying any basis for a judgment, and that the court erred in not granting a new trial by reason thereof.

Special issue No. 1 was as follows: "Do you find from a preponderance of the evidence that offensive odors or stifling smoke caused by defendant in maintaining its dump ground on the 17.56 acre tract described in plaintiff's petition came upon plaintiff's property and/or in contact with plaintiff since the 26th day of April, 1936?" This was answered "Yes" by the jury.

Special issue No. 2 was as follows: "Do you find from a preponderance of the evi-

dence that such offensive odor or stifling smoke, if any, were such, as would materially interfere with the physical comfort of plaintiff residing on her property or injure her health or property?" This was answered "No" by the jury.

These issues followed the plaintiff's pleadings and she made no objection to the form and manner of their submission. The "and/or" question thus answered leaves considerable doubt as to what, if anything, the jury found in response thereto.

Discarding the second "or" the jury may have intended to find that either said odors or smoke came upon plaintiff's property *and* in contact with plaintiff since the 26th day of April, 1936. Discarding the "and" the jury may have intended to find that either the odors or smoke (1) came upon plaintiff's property since the 26th day of April, 1936, (2) or came in contact with the plaintiff since the 26th day of April, 1936. In substantial respects the submission and verdict is like that considered in Riske et al. v. Rotan Groc. Co., 37 Tex. Civ.App. 494, 84 S.W. 243, 244, wherein it was said: "Like the first, the sixth special issue presented two questions to the jury, viz.: (1) Was the sale of the stock of goods to the defendant Riske made for the purpose of defrauding creditors? or (2) was it made to secure the payment of a valid and existing debt? Instead of answering these questions separately, the jury gave one general answer in the negative, which leaves it uncertain as to what answer they intended to make. If they intended to give a negative answer to the first question, then the plaintiff was not entitled to any judgment against the defendant Riske."

But the question here raised is one of conflict, and we do not believe that vice necessarily inheres in the verdict. By the answer to issue No. 2 (considered in connection with its answer to issue No. 1) the jury may have intended to find (1) that the odor or smoke did not materially interfere with the physical comfort of the plaintiff residing on her property, (2) that the odor or smoke did not injure her health, or (3) did not materially injure her property. If by its verdict the jury meant that the odor or smoke came upon her property and in contact with the plaintiff but did not materially interfere with her physical comfort, injure her health, or property (as found in issue No. 2), the jury was but making a finding in accord-

ance with their estimate of the testimony, exercising their function in judging the facts proved, the credibility of the witnesses and the weight to be given the testimony. The same is true under other supposable findings which the jury made in response to the issues submitted in the alternative manner pointed out. Some of the supposed findings in response to the respective issues could be true and still no material conflict exist. 41 Tex.Jur. p. 1226, § 361.

Further, in the manner of submission followed, the distinction between nuisances affecting property and nuisances affecting personal enjoyment was disregarded. As stated in 46 C.J. p. 668, § 32: "When taking into consideration the locality, it is important and very desirable to consider whether the acts complained of in any particular case cause an injury to property or only to the personal comfort of the complaining party. With regard to the latter, whether the acts complained of may or may not be denominated a nuisance may depend greatly upon the circumstances of the place where the thing complained of actually occurs, and the person complaining of a personal annoyance may have to submit, in the interest of the public generally, to the discomforts usually incident to the circumstances of the place and the trades carried on around it. But the same rule does not apply where the injury is to property * * *."

However, as stated no objection was made to the form and manner of the submission of the issues and we merely pass upon the question of conflict in the answers to the issues, finding that such does not necessarily exist.

The fourth and fifth propositions challenge the ruling of the court in refusing to sustain a special exception to the defendant's pleading to the effect that it (the city) used its refuse and disposal ground "in the same manner and in the same degree of care that all other municipalities in West Texas" used theirs. The point made is that such pleadings did not set forth "the correct legal standard of conduct." In portions of her pleadings the plaintiff alleged that "defendant is and has at all times been negligent in so using same (dump ground) for the purposes above stated." The allegations complained of seem to relate to testimony believed to be admissible under a general denial on material issues in the case, and they do not

appear to be offered as setting forth a complete defense or standard of conduct amounting to such. Passing over for the present the fault incident to alleging evidence (a question not raised here), the materiality and admissibility of evidence of conduct and usage of others, is upheld in Moore v. Coleman, Tex.Civ.App., 195 S.W. 212; Texas Law of Evidence (McCormick & Ray) p. 906, § 698, and cases there cited.

In the Moore case it was held, in a suit to restrain the operators of a cotton gin as a nuisance, that evidence that the ordinary cotton gin makes and scatters dust, dirt and lint and makes a certain amount of noise in its operation, was admissible. By analogy, we think the pleadings here stated a character of testimony admissible, even under a general denial, on issues raised by the plaintiff's pleadings. With this we think the proposition might well be overruled as immaterial and harmless. Williams v. Rodocker, Tex.Civ.App., 84 S.W. 2d 556.

Bearing directly upon admissibility and materiality of the testimony (reflected by the pleading), from the opinion in Cameron Compress Co. v. Whitington, Tex.Com. App., 280 S.W. 527, 528, cited by the text on Evidence, we take the following concerning the usage and conduct of others as evidence: "Such conduct of others in the same business—i. e., under similar circumstances, in respect to the methods and facilities employed—is provable along with other facts showing the 'tendency of the thing as dangerous, defective, or the reverse.' But it is evidence, and not more (except in rare instances), and the jury is at liberty (if there be evidence of contrary import) to find negligence despite the proof of custom. That function remains in the jury because the substantive law has prescribed the standard of conduct whereby existence, or absence of negligence must be determined, and that standard remains unchanged by proof of the conduct of others similarly situated. Yet, while the standard of conduct remains fixed, and (as fixed) determinative of the question of liability, the evidence of the relevant customary practices of others is admissible because it throws some light on the nature of the thing in question; i. e., 'it indicates what is the influence of the thing on the ordinary person in that situation.' Wigmore, Id. When the essential predicate has been laid, the proof ought to be received as evidence; but, once admitted, it should not be allowed to fix the 'rule of conduct by which the jury are to be limited and governed.' Maynard v. Buck, 100 Mass. 40. Despite expressions of some apparent meaning to the contrary which may be found in our cases, we believe this rule and its application so as to permit the proof of custom alleged (but not as conclusively establishing negligence or the reverse) has ample support in Texas adjudications." Citing many authorities.

We have thus written because the appellant insists that the challenged pleading set up "an incorrect legal standard of conduct." It may be the authenticated records in this case do not clearly reflect the contentions presented but the matters excepted to in the pleadings are believed to be such as might be introduced in evidence, and, as pointed out, the ruling of the court should not, in any event, be regarded as prejudicial error. If error at all, it was immaterial and should not work a reversal of the judgment. In its answer to more than one issue submitted, the jury, in effect, found that the plaintiff had suffered no injury or monetary damages. We have read the entire statement of facts and find the evidence abundantly supports the verdict. The finding that no damages were suffered is not challenged by the plaintiff as being contrary to all the evidence or as against the great weight and preponderance of the same.

For the reasons assigned the judgment of the trial court is affirmed.