## STARK *v.* MILLER.

PUBLIC LANDS—RIPARIAN RIGHTS.

A grant by the government of a fractional quarter section of land does not give the grantee any right as a riparian owner to lands in an adjoining section, where the land granted does not border upon any lake or stream.

Error to Calhoun; Smith, J. Submitted June 9, 1897. Decided June 28, 1897.

Trespass *quare clausum fregit* by Herman Stark against German Miller and others. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

113 MICH.—30.

Plat showing S. part Sec. 23, N. part Sec. 26, S W. ¼ Sec. 24, and N. W. ¼ of Sec. 25, T. 1 S., R. 4 W., Calhoun Co., Mich.

Explanation:

Section lines: ———  ——  ——  ——  ——  ——  ——
Meander: ——— · ——— · —— · —— · —— · —— · —— ·

Heavy lines inclose land owned by Herman Stark.

*Adelbert Culver* ( *A. M. Culver*, of counsel ), for appellant.

*Powers & Stine*, for appellees.

MOORE, J. The defendants cut and carried away a quantity of wild marsh grass, which grew on the S. E. ¼ of section 23, in the township of Clarence, Calhoun county, Mich. The plaintiff sued them in an action of trespass. The trial judge directed a verdict in favor of the defendants. The plaintiff appeals.

The accompanying plat will aid in understanding the situation.

The plaintiff has the record title to the N. E. ¼ of section 26, which is a fractional quarter section, containing, according to the government survey, a little less than 32 acres. The balance of the quarter section was wild marsh land. The United States has never granted the title to the S. E. ¼ of section 23 to any one. The N. E. ¼ of section 26 does not touch the shore of any lake or stream. So far as the record discloses, the land where the trespass was committed was uninclosed wild land. The only act of which complaint is made is the cutting and carrying away of wild grass growing in its natural state.

The plaintiff claims he has some rights as riparian owner, because the land adjoined the N. E. ¼ of section 26, to which he had record title. He was wrong in this contention. *Palmer* v. *Dodd*, 64 Mich. 474.

The plaintiff now complains that he was not allowed to show title to the land by possession. The record does not show that he made his offer in such a manner, or took such exceptions, as entitle him to have the action of the court in that respect reviewed.

Judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.