HERMAN RICHTER V. GRANITE MANUFACTURING COMPANY ET AL.

No. 2392.   Decided March 3, 1915.

**1.—Riparian Owner—Right to Water Power—Conveyance.**

Riparian rights exist only for riparian owners, and those who do not own the riparian land can not claim them.  One who parted with the title to the land equally divested himself of all riparian rights in the waters of the river appurtenant to the land, and could predicate no cause of action upon their lawful exercise by a subsequent owner of the land, to whom they enured by virtue of its ownership, though such grantor, by his conveyance attempted to reserve them in himself.   (Pp. 62, 63.)

**2.—Same—Case Stated.**

The owner of land bordering on the Colorado River sold and conveyed it to another, reserving to himself "an equal undivided one-half interest in and to the water power included within the above described tract of land and necessary ground to utilize the same."  Held that he could maintain no action against a company proceeding to utilize such water power under rights acquired from his vendee.   (Pp. 61-63.)

**3.—Riparian Owner—Deed—Reservation of Land to Utilize Water Power.**

The reservation by a vendor of riparian lands of an interest in the water power "and necessary ground to utilize the same" was too vague and indefinite to be capable of enforcement.  As a reservation of an interest in the land itself, it was without limit, and void as repugnant to the grant.   (P. 63.)

Questions certified from the Court of Civil Appeals, Third District, in an appeal from Burnet County.

*Edwin H. Yeiser* and *T. E. Hammond,* for appellant.—The reservation in the deed from Richter to Roper is valid, notwithstanding the fact that it failed to describe by metes and bounds the land necessary to utilize the water power, because in reservations of this character sufficient land in order to give the reservation effect is reserved by implication, and can be located and designated by the grantor at any time. Risien v. Brown, 73 Texas, 140; Smith v. Furbish, 47 L. R. A., 226, 68 N. H., 123; Koenigheim v. Miles, 67 Texas, 121; Watkins v. Tucker, 84 Texas, 428; Cravens v. White, 73 Texas, 577; Umscheid v. Scholz, 84 Texas, 265; Bartell v. Kelsey, 59 S. W., 631; Jackson v. Vermilyea, 6 Cow. (N. Y.), 677; St. Anthony Falls W. P. Co. v. Minneapolis, 41 Minn., 270; Wardell v. Watson, 93 Mo., 107; Central R. Co. v. Valentine, 29 N. J. L., 566; Marvin v. Brewster I. Co., 55 N. Y. App., 538 (10 Sickles); Chicago, R. I. & P. Ry. Co. v. Denver & R. G. R. Co., 143 U. S., 596 (36 L. Ed., 282); Smith v. Ford, 48 Wis., 118; People ex rel. Burnham v. Jones, 112 N. Y., 606; Forrest Mill Co. v. Cedar F. Mill Co., 103 Iowa, 638; Dryden v. Jepherson, 18 Pick., 390; Winchell v. Clark, 68 Mich., 73; Monmouth v. Plimpton, 77 Me., 556.

*Ike D. White, T. B. Cochran,* and *Dayton Moses,* for appellees.— Riparian rights are incident to and follow the ownership of the land, and can not exist separate and apart from such ownership, and appellant having parted with the title to that portion of the Blanton survey fronting on the Colorado River and the reservation claimed by appel-

lant, being an attempted reservation of water power without reserving any land for any particular purpose, is void and he has no interest in the water power in question, the court, therefore, did not err in rendering judgment for appellees. Lake Superior Land Co. v. Emerson, 38 Minn., 406, 8 Am. St. Rep., 679; Risien v. Brown, 73 Texas, 141; Gould on Waters (3rd ed.), 297, sec. 148; Gould on Waters (3rd ed.), 298; Bank v. Asylum, 56 S. W., 525, 108 Ky., 357.

If by appellant's alleged reservation in his deed to Roper conveying that portion of the Blanton survey fronting on the Colorado River, he sought to reserve title to or interest in any of said portion of said survey, said alleged reservation is void for want of description, it having neither metes, bounds nor beginning corners, nor is the quantity of land sought to be reserved stated, nor is the purpose of the alleged reservation mentioned from which the quantity of land sought to be reserved might be ascertained or guessed at. Therefore the court did not err in rendering judgment that appellant take nothing by his suit. Martindale on Conveyancing (2nd ed.), sec. 109, p. 99, sec. 118, p. 106, sec. 119, p. 107; Mooney v. Cooledge, 30 Ark., 640; Jackson v. Hudson, 3 Am. Dec., 500, 3 Johns., 375; Butcher v. Creel's Heirs, 9 Grat. (Va.), 201; Darling v. Crowell, 6 N. H., 421; Thompson v. Gregory, 4 Johns., 81; Cook v. Wesner, 1 Cin. R., 249, 13 Ohio Dec., 531; Pollock v. Cronise, 12 How. Prac., 363; New Market Mfg. Co. v. Pendergast, 24 N. H., 54; Matthews v. Matthews, 3 Am. Law Reg. (O. S.), 117; Bromberg v. Smee, 130 Ala., 601.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The certificate of the honorable Court of Civil Appeals to the accompanying question propounded for determination by this court is as follows:

"This suit was instituted by the appellant against the appellees in the District Court of Burnet County, Texas, on the 9th day of August, 1909. The appellant sought to establish his property rights in and to the water power at the lower falls on the Colorado River at Marble Falls, in Burnet County, Texas, as riparian owner to a part of the R. G. Blanton survey, which abuts on the river at that point, and also his rights by virtue of certain files made by him on the waters of the river at that point on the 10th day of April, 1909, and 31st day of May, 1909; alleging that the appellees had entered upon and dispossessed him of his property rights and were constructing a large dam at the point mentioned which would have the effect to submerge and destroy all of his property rights, and prayed that his rights be established; that he have his writ of possession; that appellees be enjoined from interfering with him, and if the court should find that he was not entitled to this relief, then that he recover damages for the conversion of his rights as riparian owner. The appellee, the Colorado Power Company, resisted appellant's action, contending that the appellant had no riparian rights; that he owned no land riparian to the river; that it owned all of the land on both sides of the river at the point above

mentioned, and that it was entitled to all of the water power and property rights at that point by virtue of certain files made by different persons of which it was the owner, and that the work being done by it was being done by virtue of these rights. The other appellees adopted its answer in addition to filing disclaimers. The case was reached for trial on the 9th day of January, 1911, and a jury being waived by all parties, the matters of fact as well as of law were submitted to the court, and the court, after having heard the pleadings, evidence and argument of counsel, rendered judgment on the 11th day of January, 1911, that appellant take nothing and that the appellees go hence without day and recover their costs.

"The case is now pending in the Court of Civil Appeals, and among other material questions involved is the one herein certified. On the 29th day of January, 1883, the State of Texas, by patent issued on that day, granted to William R. Baker, assignee of R. G. Blanton, what was known as the R. G. Blanton survey of land on the Colorado River in Burnet County, containing one hundred and twenty-nine acres. On the 30th day of January, 1883, William R. Baker conveyed the same tract of land to Herman Richter, and on the 29th day of November, 1884, Herman Richter executed to W. H. Roper a deed, which reads as follows:

" 'Herman Richter to W. H. Roper.   Deed.

The State of Texas,
   County of Burnet.

" 'Know all men by these presents: That I, Herman Richter, of the county and State aforesaid, for and in consideration of the sum of ($50.00) Fifty Dollars to me in hand paid by W. H. Roper, the receipt of which is hereby acknowledged and confessed, and in further consideration of the sum of One Hundred Dollars to be hereafter paid to me as is evidenced by the promissory note of the said Roper bearing date herewith, payable to me or by my order on or before the 29th day of November, A. D. 1885, do grant, bargain, sell, convey, and have by these presents granted, bargained, sold and conveyed unto the said W. H. Roper, of Burnet County, State of Texas, the following piece, parcel or tract of land, lying & being situated in the County of Burnet, in the State of Texas, about 16 miles south of Burnet town, a part of the R. G. Blanton survey, on the south side of the Colorado River. Beginning at a stone mound the lower corner of survey No. 605, from which a cedar bears S. 40 E. 5 vrs. do. brs N. 36 W. 3 vrs; Thence down the Colorado river with its meanders S. 24 E. 1050 vrs to a stone mound from which a cedar brs. S. 10 E. 5 vrs; do. brs. S. 5 W. 6 vrs; Thence S. 280 vrs. to Flat Rock Creek; thence up the north bank of said creek 225 vrs.; thence across said creek to the opposite bank; Thence along said bank up the creek to intersection of the west boundary line of the said Blanton survey; thence North 2158 vrs. to the place of beginning, containing ninety five acres of land; hereby reserving to myself, my heirs, executors, administrators or assigns an equal un-

divided one-half interest in and to the water power included within the above described tract of land & necessary ground to utilize the same.

" 'To have and to hold the premises above described together with all and singular the rights, members, hereditaments and appurtenances incident or appertaining to the same unto the said W. H. Roper his heirs and assigns forever; and I do hereby bind myself, my heirs, executors and administrators & legal representatives to warrant and forever defend all & singular the title of & to the premises aforesaid unto the said Roper his heirs and assigns against the claim or claims of any and all persons whomsoever lawfully claiming or to claim the same or any part thereof.

" 'Witness my hand, this the 29th day of November, 1884.

" '(signed)          Herman Richter.'

"Appellee, the Colorado River Power Company, now owns the Roper title, and appellant Richter bases his alleged riparian rights upon the reservation contained in the deed copied above, and alleges that the Colorado River Power Company, by the construction of a dam across the Colorado River, has invaded his rights, and, if not prevented, will destroy the same.

"The Colorado River Power Company and the other appellees assert that the attempted reservation in the deed from Richter to Roper is void and of no effect, and, therefore, that Richter owns no part of the Blanton survey fronting on or touching the Colorado River, and that he has no riparian or other rights that will be affected by the construction of the dam referred to.

"The trial court filed no findings of fact, and we do not deem it necessary to make full findings in order to certify the construction of the foregoing deed to the Supreme Court for decision. If appellees' contention is correct, and the reservation is void, then the case was properly decided, and it will not be necessary to pass upon any other question; hence it appears that the question certified is necessarily material.

"With the foregoing statement and explanation, the Court of Civil Appeals certifies to the Supreme Court for decision the following question:

"Is the reservation in the foregoing deed of Herman Richter to W. H. Roper valid, and does it reserve to or vest in Herman Richter such right or rights as can form the basis of a suit to protect such rights or recover damages for injury thereto?"

We construe the reservation in Richter's deed to Roper to mean an undivided one-half interest in the exclusive use for all power purposes of the waters of the river appurtenant to the land described in the deed, or in the exclusive right to appropriate the waters to those purposes, and so much of the land as might be "necessary to utilize" the power thus developed or be required for its development. As the riparian proprietor of the land before its sale, Richter had no rights of ownership in the waters of the river; he only had such rights in

their use as inhered in his ownership of riparian land. Riparian rights subsist only for riparian owners, and those who do not own riparian land can not claim them. The rule is well expressed in Farnham on Waters, section 463, as follows:

"All persons on the margin of a flowing stream have by nature certain rights to use the water of the stream, whether they exercise these rights or not, and they may begin to exercise them whenever they will. . . . The right does not depend upon appropriation or presumed grant from long acquiescence, but exists *jure naturae* as part of the land; . . . . the right depends, not upon ownership of the soil under which the water flows, but upon lateral contact with the water. . . . The right attaches only to riparian land and can not be claimed for non-riparian land. This must, of necessity, be the rule, because it is necessary to have some limitation upon the right to use the water from a stream, so as to leave enough for the use of riparian owners further down, or it might be entirely consumed near the origin of the stream. The right to use the water is primarily based upon the ownership of land adjoining the stream, and persons whose land is not in contact with the stream are in no sense riparian owners, and are not entitled to any rights in the use of the water as private individuals. The only things that they can claim are the right of navigation and to share in the public right of fishery, gathering ice, or such other rights as the public are entitled to. That being the rule, the only method of determining who are, and who are not riparian owners is by following the rule established by nature, and holding that that only is riparian land entitled to the benefits of the stream which is actually in contact with it."

In Gould on Waters, section 148, it is thus stated:

"All riparian rights depend upon the ownership of land which is contiguous to and touches upon the water; and, in the case of tide waters, at common law, upon the ownership of the land above and adjoining the edge of the water at ordinary high water mark. They attach to the land, and an express mention in the deed that they are sold with it is surplusage. They do not attach to any lands, however near, which do not extend to the water; nor do they necessarily attach to a State grant of lands lying below the tidal high water mark."

Numerous cases are to like effect. Among them are Risien v. Brown, 73 Texas, 135, 10 S. W., 661; Lake Superior Land Co. v. Emerson, 38 Minn., 406, 8 Am. St. Rep., 679, 38 N. W., 200; Boehmer v. Big Rock Irrigation District, 117 Cal., 19, 48 Pac., 908; Stark v. Miller, 113 Mich., 465, 71 N. W., 876; Bank v. Asylum, 108 Ky., 357, 56 S. W., 525.

In Risien v. Brown, McAnelly, the owner of land bordering upon a creek, conveyed it to another, expressing a reservation in the deed to this effect: "I hereby reserve to myself the privilege of banking water up the said creek for the purpose of erecting machinery." With respect to the right thus attempted to be reserved, it was said: "This could not have enured to the benefit of McAnelly, as it was a reservation of

a right he could not exercise by reason of the fact that he was then divesting himself of all title to the land on the creek."

In speaking of the nature of riparian rights, it is said in Lake Superior Land Co. v. Emerson:

"These rights all pertain to the use of abutting land in connection with the water, or of the water in connection with the land. The right to use beyond the low water mark rests upon the title to the bank, and not to the bed of the water. Diedrich v. Northwestern Union Ry. Co., 42 Wis., 248, 24 Am. Rep., 399. It is a right peculiar to the owner of the land bordering on the lake or stream, and not possessed by others. Morrill v. St. Anthony Falls Water Power Co., 26 Minn., 222, 37 Am. Rep., 399, 2 N. W., 842, and cases cited. The owner of the abutting land has the right to enjoy, for the purposes of gain or pleasure, all the facilities which the location of his land with reference to the lake affords. Delaplaine v. Chicago & N. W. Ry. Co., 42 Wis., 214, 24 Am. Rep., 386. It exists *jure naturae,* because the land has, by nature, the advantage of being washed by the stream. Lyon v. Fishmongers' Co., L. R., 1 App. Cas., 662. The right is incident to the land,—belongs to it by nature. We have not found any case holding that it may be severed from the right to the abutting land, so as to become a right in gross; one person owning exclusively the shore, and another the riparian right incident to it, though owning no shore."

We are of the opinion, therefore, that when Richter parted with the title to the land described in the deed to Roper, he equally divested himself of all riparian rights in the waters of the river appurtenant to the land, and he could predicate no cause of action upon their lawful exercise by a subsequent owner of the land, to whom they enured in virtue of its ownership.

The attempted reservation from the grant of the land, expressed in the deed, of "necessary ground to utilize" the water power, is so vague and indefinite as to be incapable of enforcement. How much ground would be subject to appropriation out of the body of the land; as well as its location, under this clause, is a matter of purely speculative determination. The quantity of ground necessary to the utilization of the power would depend upon the methods and purposes of the use. Yet by the terms of this clause no limitation is placed upon either. Any and all purposes for which it might be "utilized" are left open to the adoption of the grantor, and he would be equally at liberty to pursue any and all proper methods to utilize the power for those purposes. Any quantity of land, located anywhere in the tract, necessary to the full utilization of the water for any one or more purposes, since there is no limitation to any particular use of the power or to any designated purpose for which it should be utilized, would thus be subject to appropriation without let or hindrance by its owner. To concede effect to this reservation is, therefore, to recognize a right in the grantor which is repugnant to the grant of the land, and it is accordingly void. McDaniel v. Puckett, 68 S. W., 1007; Butcher v. Creel's

Heirs, 9 Grat. (Va.), 201; Thompson v. Gregory, 4 Johns. (N. Y.), 80, 4 Am. Dec., 255; Darling v. Crowell, 6 N. H., 421.

The certified question is answered in the negative.