## CITY OF CORPUS CHRISTI v. McLAUGHLIN.

### No. 3994.

Court of Civil Appeals of Texas. El Paso.

Oct. 31, 1940.

Rehearing Denied Jan. 23, 1941.

R. Briscoe King, City Atty., and J. P. Simpson, both of Corpus Christi (Carr &' King, of Corpus Christi, on the brief), for appellant.

M. A. Childers and W. W. Fowlkes, both of San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the County Court of Nueces County in a condemnation proceeding. The City of Corpus Christi, hereinafter called plaintiff, sought to condemn for public purposes the eastern portion of a certain lot in that City as the property of W. E. McLaughlin, hereinafter called defendant. The trial was to, the court and the judgment awarded defendant the sum of $3,056.25 as damages. From this judgment plaintiff has perfected this appeal.

There was no question of jurisdiction; as to the regularity of the proceedings;

of the right of the plaintiff to condemn. The only question at issue was the value of the property sought to be condemned.

Plaintiff presents some sixty assignments of error with thirty-eight propositions supporting such assignments.

We think these questions are raised:

First. Is the amount of the judgment supported by the evidence?

Second. Did the court err in overruling the objection of plaintiff to the testimony of the witness A. C. Barker?

Third. Did the court err in sustaining the objection of the defendant to the testimony relative to defendant's rendition of the property for taxation at a value of $290?

The decision of these questions will dispose of all of the assignments of error of plaintiff.

In the consideration of the question as to the sufficiency of the evidence, it is at all times to be borne in mind that it is the function of the trial court to find on the disputed facts, and where there is a conflict of testimony such a finding is final, and further inquiry is foreclosed.

As has been said, the sole issue was as to the value of the land. Opinion evidence is the only direct evidence available. After all, no two tracts of land are exactly the same. Defendant alleged the value of the property to be $6,000. On the subject of value Mr. Easley, a real estate dealer or broker, and Mr. Barker, a contractor with some familiarity with values of land in Corpus Christi, testified for the defendant. Three witnesses, real estate dealers, testified on behalf of plaintiff. The highest any of plaintiff's witnesses placed the value of the property was $2,000. Mr. Easley placed it at $2,612.50, Mr. Barker at $4,000.

It is contended that the testimony of Mr. Easley and Mr. Barker is without probative quality on the issue, in that they each made certain assumptions unfounded in fact as to the appurtenant rights attaching to the land as having a boundary on the shoreline of Corpus Christi Bay.

Part of the eastern portion of the lot extended into the shallow waters of Corpus Christi Bay. Defendant had erected at a cost of $1,500 a pier 200 feet in length, extending easterly into the Bay. Without dispute the easterly 50 feet of this pier was on the land of the defendant sought to be condemned.

Defendant, before constructing this pier, made application to the City for a building permit, which was granted. In his written application, which was part of the permit, was the following: "Subject to be removed on approval of the Bay Front Project." Part of the easterly portion of defendant's lot is submerged land. Submerged land immediately east of the eastern boundary of the lot is enclosed in the lines of description of a patent issued to the plaintiff by the State of Texas in 1924. The lot in question was conveyed by the plaintiff to Mrs. Dell Hardin Hayes on April 22, 1938. In this deed the following reservation appears: "There is expressly reserved and excepted from this conveyance and reserved to the City of Corpus Christi, Texas, all rights of accretion and alluvian and all other riparian and/or littoral rights incident to or appertaining to the tract herein conveyed and all rights, titles or interest in and to any lands included within streets or extensions of streets on which this tract lies or abuts or may hereafter abut; it being the intention of the parties hereto to expressly limit the tract hereby conveyed to the property included within the boundaries above described."

Defendant purchased the property from Mrs. Hayes on April 28, 1938. In his deed from Mrs. Hayes the following appears: "It is expressly understood and agreed that this conveyance is made subject to all the terms, conditions, reservations and stipulations contained in deed from the City of Corpus Christi to Dell Hardin Hayes, dated April 22, 1938." Just how or from whom the City acquired this lot does not appear from the briefs. In the deed from the City to Mrs. Hayes reference is made to a certain map prepared by F. A. Von Blucher for J. Temple Doswell in 1868, and recited to be on file in Nueces County. We have not the benefit of a copy of this map.

In the case of Gibson v. Carroll, Tex. Civ.App., 180 S.W. 630, from the finding of the trial judge copied in the opinion, it appears that the City of Corpus Christi is located on two leagues of land which were granted by the State to Levi Jones. Jones, on October 2, 1849, conveyed them by warranty deed to J. Temple Doswell. It is stated the calls of the metes and bounds description contained in the patent begin on the Bay and run with the meanders thereof, the course and distances of the meanders being stated. If such is the description contained in the patent, riparian, that is, littoral, rights were appurtenant to the land. In our opinion, if this is correct, such riparian or littoral rights were not affected by subsequent patents or grants to the City of Corpus Christi. The deeds under which defendant holds the land reserved all riparian and/or littoral rights to the City of Corpus Christi.

Now it appears that the City at least claims submerged land lying immediately east from the easterly portion of the land in controversy; the claimed frontage being easterly. This being the case, we deem it unnecessary to discuss the question as to whether, unless the City held land to be benefited by such riparian or littoral rights, it could hold such rights.

■ It is well established by authority that riparian or littoral rights are subject to conveyance. Gibson v. Carroll, Tex. Civ.App., 180 S.W. 630; Martin v. Burr, 111 Tex. 57, 228 S.W. 543.

It seems to have been held as to riparian rights that same cannot be conveyed except to one having riparian lands. Richter v. Granite Mfg. Co., 107 Tex. 58, 174 S.W. 284, L.R.A.1916A, 504.

In the case of Gibson v. Carroll, supra, involving land on Corpus Christi Bay in the City of Corpus Christi, it is held that such rights are subject to conveyance; that such rights may be reserved by the grantor.

■ We are of the opinion that riparian or littoral rights did not pass to the defendant in his deed from Mrs. Hayes. However, we do not mean to hold that there may not be some peculiar advantages to the land in question from its location with reference to a navigable bay, for Corpus Christi Bay is such.

In the light of the above, let us examine the testimony of witnesses Barker and Easley.

Mr. Barker said, in substance, that the market value of the lot with its improvements was $4,000. Our construction of his testimony is that it is worth that amount, irrespective of whether riparian or littoral rights were appurtenant thereto. Included in this were the improvements existing on the lot. The improvement existing on the lot was, of course, some fifty feet of the pier.

Mr. Easley, as we consider his testimony, placed the value of the lot at $2,612.50. This, without taking into consid-

eration the fifty feet of pier existing thereon. This did not take into consideration whether the land had riparian or littoral rights or otherwise.

The testimony of these two witnesses, we think, sustained the finding of the trial court as to the value of the property.

█ It is urged by plaintiff that Mr. Barker was not qualified to give an opinion as to the market value of the land in question. He was not a real estate broker or dealer. However, during his residence in Corpus Christi of five years or more he had bought fifteen or twenty houses in the town; testified that he was able to fix the market value of the portion of the lot in question. Judging of his qualifications was largely a matter of discretion of the trial judge. Fort Worth & D. S. P. R. Co. v. Judd, Tex.Civ.App., 4 S.W.2d 1032; Texas Pacific Coal & Oil Co. v. Taylor, Tex.Civ. App., 47 S.W.2d 1110; Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243.

█ Being actively engaged in business as a builder and contractor, he, no doubt, had occasion to familiarize himself with market values. There was no error in the ruling.

Defendant testified as a witness in his own behalf. However, he did not testify in his direct examination as to the value of the property. He did, however, testify that according to his best estimate the dock or pier cost him about $1500. He described in some detail the manner of the construction of the pier and the materials going into the construction.

On cross-examination the following took place: The defendant stated that he thought he had made a voluntary rendition of the property for tax purposes to Nueces County. The question was then asked:

"You placed a value in that rendition of $290, did you not? Answer: Well, I just put it what it was the year before.

"Question: Of course, that would be only fifty per cent of its value?

"Counsel for Defendant: I move the Court to strike that question and the answer for the reason that, as Mr. King has already explained to the Court, the value of the land is the market value and not the value placed upon it by the owner or the taxing authorities or anyone else, and for that reason I object to the question. It is not the proper criterion of value of the property, and I take it that is the intention and purpose of introducing the testimony.

"Attorney for Plaintiff: Well, if the Court please, my intention and purpose of introducing this testimony is for this purpose: the burden, as I understand the law, is upon the defendant in this case to establish the market value of this land on appeal from the decision of the Commissioners, and I am only introducing this testimony from him on cross-examination for the purpose of rebutting the statement in his petition filed in this court that the value of the land is $6,000. I am not trying to establish the market value by him.

"The Court: I am going to sustain the objection.

"Mr. King: Note our exception."

█ As we have stated, the sole issue was the value of the property. Plaintiff, however, was not trying to establish the value of the property by the amount it had been assessed by the taxing authorities. It was sought to show that the property was of less value than claimed by defendant by a written admission of the defendant. It is fairly to be presumed that the owner of property knows the value thereof. Being an admission, defendant would have had the right to make an explanation with reference thereto. If the testimony had been admitted and the explanation made, there might be a basis for the appraisal of the weight of the testimony.

We think the record shows that the court refused to give consideration to the testimony as to what defendant had rendered the very property in question for. Also, that it may reasonably be inferred that he had rendered it for $290. This rendition was a comparatively short time before plaintiff sought to condemn the property. The evidence seemed to indicate there was no great fluctuation in value as to the property in question. The statement of counsel as to the purpose of offering same may have lacked some in clarity; but, we think, it is fairly inferable from what was said that it was offered on the issue of the value of the property.

It is true that there is some confusion in the decisions as to the admissibility of this testimony, but the overwhelming weight of authority is that same is admissible. Fort Worth & R. G. R. Co. v. Chisolm, Tex.Civ.App., 146 S.W. 988; State v.

Doom, Tex.Civ.App., 278 S.W. 255; Fort Worth & D. S. P. R. Co. v. Gilmore, Tex.Civ.App., 13. S.W.2d 416; Dickens County v. Dobbins, Tex.Civ.App., 95 S.W.2d 153; Boyer & Lucas v. St. Louis, S. F. & T. Ry. Co., 97 Tex. 107, 76 S.W. 441; Aue v. State, Tex.Civ.App., 77 S.W. 2d 606; Burton Lbr. Corp. v. City of Houston, 45 Tex.Civ.App. 363, 101 S.W. 822; Hengy v. Missouri, K. & T. R. Co., Tex. Civ.App., 109 S.W. 402; Bryan Press Co. v. Houston & T. C. R. Co., Tex.Civ.App., 110 S.W. 99; Missouri, K. & T. R. Co. v. Mitchell, Tex.Civ.App., 166 S.W. 126; International & G. N. R. Co. v. Goswick, 98 Tex. 477, 85 S.W. 785.

█ As has been pointed out, the testimony as to value was conflicting; numerically the preponderance was in favor of the plaintiff. Any slight circumstance might have carried conviction to the trier of the facts. We think the assignment presents reversible error.

It is ordered that the case be reversed and remanded.