## ZAVALA COUNTY WATER IMPROVE-MENT DIST. NO. 3 et al. v. ROGERS et al.

### No. 3984.

Court of Civil Appeals of Texas. El Paso.

Oct. 31, 1940.

Rehearing Denied Dec. 5, 1940.

G. C. Jackson, of Crystal City, and D. E. Hume, of Eagle Pass, for appellants.

Gaines, Gaines & Roberts, of San Antonio, and John L. Pranglin and F. C. Sorrell, both of Pearsall (C. M. Gaines, of San Antonio, of counsel), for appellees.

WALTHALL, Justice.

On March 31, 1937, Wallace Rogers, and many others, whose names are stated, as plaintiffs, for their own use and benefit and for the use and benefit of all owners of lands with riparian rights bordering on the Leona River and similarly situated with plaintiffs' lands, filed their first amended original petition, complaining of defendant Zavala County Water Improvement District No. 3, and in their petition representing the defendant Water District as being a duly, legally and regularly created water improvement district lying and being wholly within Zavala County, Texas, and created under the laws of the State of Texas relating to the creation of such districts, and having for its directors John Maddox and four others named. The plaintiffs include as defendants in their individual capacities the named directors of the defendant Water District, namely,

John Maddox, Earl F. King, J. B. Britton, Syd Jones and William Hargreaves.

Plaintiffs represent that each of plaintiffs is the owner of lands bordering on the Leona River, in Frio County, Texas, their said lands particularly set out and described in a designated exhibit attached to and made a part of the petition; that said lands of plaintiffs are situated on the Leona River and have riparian rights in the waters of the river, and plaintiffs are riparian owners and are entitled to the reasonable use of such waters, the Leona River being a public stream, and the waters thereof being public waters.

We omit stating plaintiffs' complaint as to defendant Mrs. Cordelia Kincaid, she having filed a disclaimer and was dismissed from the suit.

The petition alleges that defendant Zavala County Water Improvement District No. 3 includes land on the Leona River, and fully describes the said lands, which description we omit, such lands situated on the Leona River, in Zavala County.

The petition alleges that heretofore said defendant Water District has maintained a dam across the Leona River at a point touching the land within the boundaries of such Water District, and has obstructed the flow of the water of such river both as to flood waters and as to the normal flow, and has diverted said water without any appropriation of the flood waters, and has used the riparian waters (the normal flow) to an extent greater than that to which the riparian lands in such water district are entitled, and has at times impounded all the waters flowing down such river to such dam and preventing the water in the river from passing such dam to plaintiffs' said lands, to plaintiffs' injury and damage; that such dam constructed by defendant Water District was destroyed by flood in June, 1935, and defendant Water District is threatening to and will reconstruct the dam if not prevented, and again divert the said waters; that the said lands of plaintiffs are used by plaintiffs for purposes of farming and stock raising, and are dependent on the waters of said river for their livestock and for general domestic purposes, and their said lands have had heretofore an added value by reason of such river frontage; that said river is fed largely by springs, and during the greater portion of the year, if permitted to flow normally, is a flowing stream and has heretofore flowed past plaintiffs' said lands and kept the natural reservoirs in the bed of such stream adjoining plaintiffs' said lands full of water for their livestock and for ordinary domestic purposes; that the normal flow of such river has never been such, on an average, as to justify the use of such waters for irrigation without injury to lower riparian owners.

Plaintiffs say that such action of defendant in diverting the said waters constitutes a trespass upon their said lands and upon their rights to use the waters in said river, and if continued will result in permanent and irreparable injury to such lands.

Plaintiffs allege, and the evidence shows, that the rebuilding of the dam by defendant has never been submitted to or approved by the Board of Water Engineers.

Plaintiffs pray for a temporary restraining order, and on final hearing, that the restraining order be made permanent restraining defendant from further construction or operation of such dam and distributing ditch, and for such further relief, whether at law or in equity, as plaintiffs may be entitled to. Plaintiffs' petition is verified.

On April 15, 1937, on the hearing for a temporary injunction, plaintiffs and defendants announced to the court that an agreement had been reached by the parties as to the matters involved in the hearing, as follows:

That the defendants shall not at any time conduct or maintain any improvements, dams or diversion ditches or other works that will not permit at all times the normal flow of the waters in the Leona River to pass down said stream, except in so far as preferential rights, as prescribed by statute, are concerned. It is further agreed that as soon as may be, the Board of Water Engineers, or some one designated by them, shall make all necessary measurements in determining the normal flow of the waters of the said Leona River, and thereafter shall report to the court their findings as to the normal flow as above outlined; and such findings shall control the rights of the parties herein in so far as the waters of said stream are concerned.

The court approved the above agreement as the judgment of the court, and ordered that same shall remain in full force and effect until the final judgment is entered in said cause.

The court further ordered that the defendants, and each of them, be temporarily enjoined from doing anything whatsoever that may be construed to be a violation of this order, judgment or decree.

On August 28, 1939, defendants filed their first amended original answer, consisting of a general demurrer, suggesting the death of Albert Hauser, one of plaintiffs, two special exceptions, the first as to the want of necessary parties, the exception submitting that all of the owners of land in the defendant Water District, naming them, and not made defendants, were necessary parties; the second special exception suggests that T. P. Lee, owning and operating the Cordelia Kincaid Dam, situated some eleven miles above defendants' dam on the Leona River, and diverting the waters therefrom, was a necessary party; general denial; the statute of limitations.

Each plaintiff asserts riparian ownership of land in his own right within and over and above the rights of defendant Water District which he asserts authorizes him to take for his purposes the quantity of water authorized by law; the defendant Water District pleads that it is a municipal corporation and that on September 1, 1936, by conveyance, the Comanche Irrigation Company transferred to it all of the water rights in and to the Leona River in Zavala County, Texas, owned and possessed by it (Comanche Irrigation Company), including the dam, irrigation ditch, etc., and in connection therewith, and at much length, states that on February 7, 1876, the parties, naming them, incorporated the Comanche Irrigation Company to construct, own and operate a ditch eight feet wide and two and one-half feet deep, stating its location and length, the said ditch to be used for manufacturing and irrigation purposes, and stating other matters with reference to said ditch not necessary to state here; that the ditch is now carrying all the water there is in the river and has the capacity to carry much more; that flourishing crops have been grown the present year (1939) upon these fields by irrigation from the ditch and other preparations made for other crops in the future; that defendant Water Company complied with the irrigation law approved March 19, 1889, c. 88, and the Act amendatory thereof approved March 19, 1893, c. 44, stating in detail the things done, and, for the facts stated,

referred to the records of Zavala County; that on June 18, 1914, defendant Water Company filed with the County Clerk of Zavala County an affidavit showing that one thousand acres of land were then being irrigated by it from the Leona River, the point of diversion, the size and carrying capacity of its ditch.

Defendants aver that by reason of the matters stated and by their claim of right to said waters, defendants acquired by prescription a vested right and title to the waters of the Leona River at the site of the headgate, and the right to use all the water sufficient to meet their needs for irrigation, and that plaintiffs knew all of the facts stated and the uses made by defendants of said waters and acquiesced therein.

At the close of the evidence plaintiffs filed and urged a motion for an instructed verdict in their favor, for the reasons:

1. Plaintiffs have shown themselves to be the owners of the lands on the Leona River (and Frio River), and are entitled to the riparian rights and the waters of such rivers.

2. That the Zavala County Water Improvement District No. 3 and other defendants are diverting part of the normal flow of the Leona River to the injury of the rights of the plaintiffs.

That the Zavala County Water Improvement District No. 3 and the other defendants have no right in and to the waters of the Leona River or any right to divert the same.

The court instructed the jury as follows:

"Gentlemen of the Jury:

"Under instructions from the court you are instructed to find the following verdict:

"We, the jury, find in favor of the plaintiffs."

The court received the verdict. In the judgment, after referring to the matters stated in the motion to instruct the verdict, the court said: "And it appearing to the court that the plaintiffs remaining in said cause were owners of the lands bordering on the Leona and Frio Rivers, and own interest in such lands with right in riparian waters of such rivers and entitled to have the normal flow of the waters of such rivers continue to pass their place uninterrupted by the defendants; the defendants had no right in such waters, but were diverting same without right, such

motion was granted, and the following instructions given."

The court then quotes the instructions and the verdict as above, and enters judgment that all plaintiffs, except plaintiff Albert Hauser, have judgment against the defendants, naming them, and that the defendants be perpetually enjoined from obstructing or diverting at any time any part of the normal flow of the Leona River, and that plaintiffs recover their costs.

Defendants excepted, gave notice of appeal.

## Opinion.

The court having instructed the verdict, and there being no facts in the record other than those noted and stated in the judgment, we have stated the contentions of the parties as indicated in their pleadings more fully than we otherwise would.

There is no material controversy in the facts upon which this case must be decided.

As disclosed by the uncontroverted evidence, appellees severally own the lands described in their petition; that said lands border on the Leona River, and appellees are entitled to have the normal flow of the waters of said river continue to pass their said lands for their domestic uses uninterrupted by appellants, unless the appellants own by appropriation or prescription all of the normal water in the said river, and have the right thereunder to use the waters for irrigation, as claimed by them in their answer.

The trial court had the report of the State Board of Water Engineers on the normal flow of the Leona River at the points involved in this case. The report of the Board is too lengthy to copy here. It shows, however, the discharge of the river at points below the appellants' dam and the total amount of diversion of water to be thirteen second-feet, which virtually embraced the entire flow of the river, and left the river dry below such point, or standing in pools.

Appellants assert in their answer that, "the ditch is now carrying all the water there is in the river," and has the capacity to carry much more than the river supplied. As stated above, appellants' defense to the suit is, that it claims to own all the water in the river at the point of diversion by prescription, and claims the right to divert it. The prescription right of ownership as appears by the evidence is by a series of years of appropriation; that is, by observance of the laws under which the right to use the unappropriated waters in streams may be acquired.

We must confine our opinion to the exact point at issue as made by the pleadings.

■ The right of the owner of riparian land to use the normal flow of the waters of the stream upon which it borders is an appurtenance thereof in the nature of an incorporeal hereditament.

■ Riparian rights constitute property within the meaning of the Constitution and cannot be taken without the riparian owner's consent, unless the element of estoppel or some other matter recognized by law, such as prescription, is shown. Bigham Bros. v. Port Arthur Canal & Dock Co., 100 Tex. 192, 97 S.W. 686, 13 L.R.A.,N.S., 656; 44 Tex.Jur. 48.

It is held in Mud Creek Irr. Agr. & Mfg. Co. v. Vivian, 74 Tex. 170, 11 S.W. 1078, that the mere fact that the Legislature has authorized the appropriation of certain of the public waters cannot defeat the riparian owner's right. The riparian rights are superior to any right of appropriation obtained under the statute. Matagorda Canal Co. v. Markham Irr. Co., Tex.Civ.App., 154 S.W. 1176.

■ We think other persons diverting the waters in the stream who acted in concert are not necessary parties defendant, but may be joined in an equitable proceeding as joint wrongdoers, since each is liable. Jefferson County Drainage Dist. v. Langham, 124 Tex. 167, 76 S.W.2d 484. But the rule seems to be different when the wrongdoers acted independently of each other, since the liability is several and not joint. This suit, being equitable, all, while not necessary parties, may be joined to abate the wrongdoing.

■ This suit being by riparian owners to abate a wrongful diversion of the waters of a stream, it is not necessary that all riparian owners of land on the stream join in the suit as plaintiffs; some such owners may sue for themselves and for all others similarly situated.

■ Under the evidence appellants did not acquire the ownership of the waters in the stream by appropriation.

■ Answering more specifically some of the points raised by appellants, we think the suit by appellees for themselves and all others similarly situated is sufficient to include all riparian owners on the Leona

River in Zavala County as parties plaintiff in the suit. They are in the same class. The defense by appellants was the same as to each appellee, including Albert Hauser, one of the plaintiffs, who died pending the suit. We think under the circumstances shown in the record the court was not in error in not abating the suit to make his successors in interest parties, their interests being sufficiently represented by other plaintiffs in the suit.

The Zavala Water District was the defendant owning the dam and the defendant claiming the right by appropriation and prescription under the Comanche Company, and the defendant company being the one that diverted the waters of the river, we think we need not discuss or refer to other appellants separately, but will consider only the Water District in considering the right to divert the waters.

The evidence shows, we think, that the Comanche Company, under whom appellant Water District claims, had diverted all the water of the stream and made use of it for irrigation of the lands in its district for more than thirty years, and without any interruption.

Appellant here claims the ownership of the water by reason of such appropriation and use made of it by the Comanche Company and by itself during the next preceding years before the filing of appellees' suit.

Appellants offered in evidence a deed from the Comanche Irrigation Company purporting to convey to it the ditch and such rights as that company had in the stream by reason of its appropriation and use made of its waters. On objection, the court excluded the deed on the grounds that it purports to be a deed by a corporation without a corporate seal, it had not been filed in the cause and notice of its filing given, and that the Comanche Irrigation Company, prior to the execution of the deed (1912), had forfeited its right to the execution of the deed by failure to pay its franchise tax, and its right had not been reinstated. The record shows that the deed was such instrument that, to be offered in evidence under Article 3729, R.S. it must be filed among the papers of the suit and notice of the filing given.

To avoid the effect of not filing the deed and giving the notice, appellant offered the evidence of a Mr. Maddox, one of the directors of the Comanche Company, to the effect that witness did not know that the Comanche Company had a seal; witness signed the deed and saw the other directors sign it.

Article 1322 of the Revised Statutes, 1925, provides that any corporation may convey land, sealed with the common seal of the corporation, and signed by the president or presiding member or trustee of the corporation, or by its attorney in fact.

We think we cannot say, from what has been stated above, that the exclusion of the deed shows reversible error.

The forfeiture of the right of the Comanche Company to do business in the State did not have the effect to forfeit its charter, or dissolve or otherwise affect that company's legal status. Real Estate-Land & Trust Company v. Dildy, Tex.Civ.App., 92 S.W.2d 318. It only suspended its powers to do business. Its directors or trustees, in such case, could act, we think, for its stockholders in disposing of its properties. Favorite Oil Company of Beaumont & Cleburne et al. v. Jef Chaison Townsite Co., Tex.Civ.App., 162 S.W. 423.

If we are not in error in so holding, the deed tendered in evidence would be a valid deed, though, under the circumstances, properly excluded.

We have considered the other assignments not discussed, and think they present no reversible error.

Under the record as presented here we have concluded to reverse and remand the case for another trial, and it is so ordered.

PRICE, Chief Justice.

I concur in the reversal and remanding of this case. In my opinion, however, all parties obtaining water from the water district were necessary parties defendant to the litigation. There is a doubt in my mind as to whether the Comanche Irrigation Company could acquire, by prescription or otherwise, riparian rights unless it was the owner of riparian lands. Riparian rights are appurtenant only to riparian lands. Richter v. Granite Mfg. Co., 107 Tex. 58, 174 S.W. 284, L.R.A.1916A, 504. Riparian rights are subject to the statute of limitation. Martin v. Burr, 111 Tex. 57, 228 S.W. 543.

In my opinion, neither the Comanche Irrigation Company nor the Water Improvement District owned the riparian rights of the lands in the district. Parker v. El Paso County Water Imp. Dist. No. 1,

116 Tex. 631, 297 S.W. 737, in Court of Civil Appeals, 260 S.W. 667.

In this case, in my opinion, by the decree in the litigation to which they were not parties, the rights of the owners of riparian land in the district have been necessarily and directly affected.