**WALLACE INVESTMENTS, INC.,**
Appellant,

v.

**H. W. BLACKSTOCK et al., Appellees.**

No. 14409.

Court of Civil Appeals of Texas.

Houston.

Dec. 10, 1964.

McLeod, Mills, Shirley & Alexander, and Preston Shirley, Galveston, for appellant.

Nowlin Randolph, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment of a district court of Harris County, Texas, denying a plea of privilege.

This litigation originated as a trespass-to-try title suit. An amended petition was thereafter filed by which the nature of the suit was changed into one seeking damages for infringement of the plaintiff's asserted riparian rights in Taylor's Lake and Taylor Bayou and for injunction to prevent further damage. By a second amended petition North Clear Lake Development Corporation and Wallace Investments, Inc. were made parties defendant. In the third amended petition other parties plaintiff appeared and, in addition to the cause of action for damages and injunction for the alleged injury to riparian rights previously pled, a fuller statement of the facts relied on to establish their riparian rights in Taylor Lake and Taylor Bayou was set out, as well as the nature of appellee's adverse claim, and an entirely new set of facts was alleged for the purpose of pleading a cause of action for damages for abuse of civil process.

. All parties defendant are domiciled in Harris County, Texas, except Wallace Investments, Inc., which filed a plea of privilege to be sued in Dallas County, Texas.

■ By the third amended petition plaintiffs have combined into one suit two separate and distinct causes of action, which might be severed, in the discretion of the trial court, on proper motion. There is no one "primary and ultimate purpose" or "ultimate or dominant purpose" of the suit, the prime consideration in determining venue under Subdivision 14, Art. 1995, Vernon's Ann.Tex.Civ.St. Phillips Petroleum Co. v. Mecom, Tex.Civ.App., 375 S.W.2d 335; Texaco, Inc. v. Gideon, Tex.Civ.App., 366 S.W.2d 628.

This suit must be considered as having two counts. One is for the dominant purpose of establishing in the plaintiffs riparian rights in Taylor Lake and Taylor Bayou and, incidentally, for injunctive relief and damages. The other is for the purpose of securing damages for the alleged abuse of civil process.

■ Riparian rights are incidental to the ownership of riparian lands. Humphreys-Mexia Oil Co. v. Arsenaux, Tex. Civ.App., 244 S.W. 280, aff'd 116 Tex. 603, 297 S.W. 225, 53 A.L.R. 1147; Richter v. Granite Mfg. Co., 107 Tex. 58, 174 S.W. 284, L.R.A.1916A, 504.

■ To maintain venue in the county of suit under Subdivision 14 of Art. 1995, V.A. T.S., the plaintiff must show that the nature of the suit concerns land in one or more of the five particulars set out therein, and that the land, or part thereof, is in the county of suit. It is not necessary to show by proof that a cause of action in fact exists. The nature of the suit is a question of law to be determined from the allegations of the petition. Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978.

■ To establish these rights under the facts of this case, appellees must remove the cloud cast upon their claim of ownership of lands adjacent to Taylor Lake created by the "correction deed" into Clear Lake Development Corporation. Blair v. Archer County, 145 Tex. 102, 195 S.W.2d 348; Texaco, Inc. v. Gideon, Tex.Civ.App., 366 S.W.2d 628. They have sufficiently alleged a cause of action to quiet title. Venue of such an action lies in the county in which the land is located. Mecom v. Gallagher, Tex.Civ.App., 192 S.W.2d 804, error ref., n. r. e.

■ The location of these waters in Harris County is established by evidence. It might well be argued that the ultimate purpose of this count in the petition was to obtain injunctive relief against future damage to plaintiffs' riparian rights, in which event venue would also lie in Harris County by virtue of Art. 4656, V.A.T.S. However, since the case relates to lands or rights appurtenant to lands, it cannot be classified as a suit purely for injunctive relief and is not governed by Art. 4656. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417.

■ Since the District Court of Harris County properly acquired venue of this suit as to one count, it has venue of the other count, in order to avoid a multiplicity of suits, in the absence of any contention that there was an improper joinder of causes of action, and that the suit for damages was joined with the suit over riparian rights fraudulently to deprive appellant of its personal privilege to litigate it in the county of its domicile. Parkhill Produce Co. v. Pecos Valley Southern Ry. Co., Tex. Civ.App., 348 S.W.2d 208; Pecos Valley Southern Railway Company v. Parkhill Produce Company, 163 Tex. 88, 352 S.W.2d 723.

The judgment of the trial court is affirmed.